Rose Appel, an Infant, by Yetta Appel, Her Guardian ad Litem, Respondent, *v.* Etta M. Muller, Appellant, Impleaded with Another.

(Argued April 20, 1933; decided July 11, 1933.)

*Jay Leo Rothschild, Louis Rivkin* and *Harold M. Phillips* for appellant.

*Isidor Enselman, Abraham N. Levy* and *A. Welles Stump* for respondent.

KELLOGG, J. The plaintiff, in the course of a walk upon a city street, passed a tenement building, adjoining the sidewalk, which was owned by the defendant Muller. While she was passing, a plate glass window, occupying the front of a store on the ground floor of the building, which the defendant Feldman had leased and then occupied, broke from its fastenings and fell upon the plaintiff, causing her injury. The plaintiff brought this action against the owner of the building, and the occupant of the store, to recover damages. Evidence was given upon the trial that the window had broken a week before its fall upon the plaintiff; that the glass had dropped from the lower part of the window, leaving a large hole; that the occupant and the owner were immediately advised of the break; that neither, in the course of a full week, took any steps to replace the window, or to guard the broken glass from falling upon a passer-by, except that the owner had placed a board at the foot of the window, in order to retain broken glass which might subsequently fall. It also appeared that the lease between Muller, the owner, and Feldman, the tenant, required the latter, in case any window pane broke, to replace the same and to make all other necessary repairs. The plaintiff had a verdict against both the owner and the tenant, and the judgment entered thereupon has been affirmed. The owner appeals.

It is the duty of the owner of a building, abutting upon a public street, to maintain it in such a condition that it shall not become dangerous to the traveling public. (*Trustees of Canandaigua* v. *Foster*, 156 N. Y. 354; *Klepper* v. *Seymour House Corp.*, 246 N. Y. 85.) The owner may absolve himself from this duty by nothing less than " alienation of the entire property, either permanently, as by deed, or temporarily, as by lease." (Per VANN, J., in *Trustees of Canandaigua* v. *Foster*, *supra*, at p. 362.) If, by lease, he vests a tenant with exclusive possession, thereby depriving himself of the power of entry to make repairs, he is not liable to a passer-by, if the building or a

part thereof, due to a condition of disrepair arising in the course of the tenant's occupancy, fall upon and injure him. (Am. L. Inst., Restatement of Law of Torts [Tent. Draft No. 4], § 247.) However, if he has covenanted with the tenant to make repairs, he is liable to the passer-by for the injuries inflicted. (*Nelson* v. *Liverpool Brewery Co.*, 2 C. P. [Law Div. 1877] 311; *Ahern* v. *Steele*, 115 N. Y. 203; Halsbury, Laws of England, vol. 18, p. 504; Am. L. Inst., Restatement of Law of Torts [Tent. Draft No. 4], § 248.)

The contract by the landlord to repair does not operate directly to make him liable to the passer-by. In the first place the recovery sought is in tort for an injury done; not in contract for a breach thereof. In the second, the contract runs to the tenant and no other person. " The covenant of the landlord to repair does not inure to the benefit of a stranger sustaining injury because of its breach." (*Sterger* v. *Van Sicklen*, 132 N. Y. 499, 501.) While the landlord owes a duty to the tenant to repair " he owes no such duty to a stranger to the covenant." (*Odel* v. *Solomon*, 99 N. Y. 635.) The landlord's duty " is not contractual but is a tort duty based on the fact that the contract gives the [lessor] ability to make the repairs and control over them." (Am. L. Inst., Restatement of Law of Torts [Tent. Draft No. 4], § 248.)

Obviously, the retention of the ability to make repairs does not impose a duty to make them. Accordingly, we have held that a landlord, who covenants to repair, never becomes liable for injuries received by a visitor upon the premises, who is present thereupon at the invitation or with the permission of the tenant. (*Cullings* v. *Goetz*, 256 N. Y. 287.) No relationship between the landlord and such a visitor would exist, without the covenant, to bind the former to the use of care in respect to the latter. No new duty is created by the covenant. (*Potter* v. *N. Y., O. & W. Ry. Co.*, 261 N. Y. 489.) " The power of control necessary to raise the duty * * * implies

something more than the right or liability to repair the premises. It implies the power and the right to admit people to the premises and to exclude people from them." (*Cavalier* v. *Pope*, [1906] A. C. 428, 433.) The effect of a covenant by the landlord to repair, in the case of a passer-by on the public street, is wholly different. In such a case there is no need that a duty be newly created by the covenant. The duty, that of using care towards a member of the public, was established when the landlord came into ownership of the property. It might have been suspended during the exclusive occupancy of the tenant, for the power of entry to make repairs would have been lost. If, however, there is a covenant to repair, the landlord's original duty to the public to maintain the structure in safe condition, and his retention of the power to perform the duty, combine to make him liable.

That the reservation of a right to enter to make repairs, continues the duty of the landlord to the traveling public to maintain the premises in a safe condition, has been asserted in many cases. Thus in *Heaven* v. *Pender* (9 Q. B. D. [L. R. 1881–1882] 302, 306) it was said: " A landlord who reserves to himself, under his contract with the tenant, the duty of repairing walls is in a different position, because he has the control over them, and a right of entry, for the purpose of repairing." In *Ingwersen* v. *Rankin* (47 N. J. L. 18, 23) it was said: " The test of his liability in such case is his power to have remedied the wrong. If he has, but fails to exercise such power, his liability remains." In *Sterger* v. *Van Sicklen* (*supra*, at p. 501) it was said: " But when the occasion of the injury constitutes a nuisance as to the party complaining, then a landlord may be chargeable in damages on the ground that he maintains a nuisance, where the contract of letting contains a covenant authorizing him to re-enter for the purpose of making repairs." In *Burdick* v. *Cheadle* (26 Ohio St. 393, 396) it was said: " But in case a landlord undertakes with his tenant to keep the premises

in repair, having thus reserved the control to the extent necessary for making repairs, his duty to the public in relation to the property is not affected by the lease."

Professor Bohlen states the principle thus: " But the owner has, as such, a duty to maintain his property in such a condition that it shall not be dangerous to the public, whether as travelers on a highway upon which it abuts, or as owners of adjacent property, or as persons upon such property in the owner's right quite independent of his or the occupier's consent. His duty may be suspended, when in a legally permissible way, as by leasing the premises, he parts with his right to enter it and so loses his power to perform his duty to maintain it in safe condition; but when by a covenant to repair he retains the right of entry and the power for performance, the reason for the suspension of his duty fails. This is similar to the difference in the liability which a landlord incurs to the public and those injured while within premises which he leases in a patently ruinous condition, both external and internal." (Studies in the Law of Torts, note, p. 210.)

In this instance the lease contained no covenant by the landlord to make repairs for the tenant. It did contain a provision, however, reserving to the landlord " the right to enter into and upon said premises, or any part thereof, at all reasonable hours for the purpose of examining the same, or making such repairs or alterations therein as may be necessary for the safety and preservation thereof." As we have seen, the only force which a covenant to repair has in such a case, arises from the implication that what the landlord has covenanted to do, he has reserved the power to do. In this case a resort to implication is unnecessary, for the power to enter and make necessary repairs was expressly reserved. The reservation, therefore, has accomplished, by express words, all that the covenant to repair might have done through implication. The landlord, therefore, had never parted so completely

with possession and control that he had disabled himself from performing his duty of care towards the travelers upon the street. He continued under the duty to keep his building in a safe condition; he reserved the power to perform this duty; therefore, he was liable.

The judgment should be affirmed, with costs.

POUND, Ch. J., CRANE, O'BRIEN and CROUCH, JJ., concur; LEHMAN, J., concurs in result on the ground that the owner of the building resumed control of the window and then was under a duty to exercise reasonable care for the protection of persons using the street; HUBBS, J., not sitting.

Judgment affirmed.