LOUIS L. HAMMER AND ADA HAMMER, PLAINTIFFS-APPELLANTS, v. ARTHUR T. VANDERBILT, ETC., DEFENDANT-RESPONDENT.

Submitted January 31, 1936—Decided June 26, 1936.

Before BROGAN, CHIEF JUSTICE, and Justices LLOYD and DONGES.

For the appellants, *Morris Goldsmith* and *Harold H. Fisher.*

For the respondent, *Cox & Walburg* (*William H. D. Cox,* of counsel).

LLOYD, J. The action was to recover damages for injuries sustained through tripping over a lift handle of a trapdoor placed even with the surface of the sidewalk to reach the cellar of premises owned by the defendant. There was a nonsuit below and the plaintiff appeals.

The action was based on alleged negligence in the owner. Originally there were three stores owned by the defendant and cellars beneath them were all reached by this entrance. Subsequently and before the accident the cellars were divided into three individual compartments, one for each store, and to the other two cellars an individual trapdoor was placed in the sidewalk. When this was done the tenant of the store facing the trapdoor here involved was given the key to the door, and anyone who wanted to get into this cellar was obliged to do so by getting the key from him.

The accident in this case occurred on July 3d, 1934, two years after the cellars were subdivided. There was nothing to show that the handle was not in proper condition when the change was made. The negligence alleged is that the handle had thereafter become rusty, and instead of dropping when released from the hand, it would stick up; that it did stick up on the occasion in question and that the plaintiff fell over it and received the injuries complained of.

We think it is fairly to be inferred that the handle was intended to drop down of its own weight when released. It seems to have been an inverted U-shaped piece of iron, and would naturally, if not held up by friction or otherwise, drop into the slot provided for it. Its failure to operate, as established in the proofs, might be sufficient to justify an inference of negligence but was that negligence attributable to the owner? The appellant claims that it was and argues (1) that as a structure in the public highway it was the duty of the landlord to keep in order, and (2) that it was an entrance used in common by tenants occupying the three stores. The trial judge held that neither contention was well founded, and we agree.

It is clear that under our cases unless the door and the handle were in themselves a nuisance *per se,* the landlord would not be responsible for the condition of the handle as it developed in the possession of the tenant provided he had reserved no control for his own purposes or for the use of other tenants. *Durant* v. *Palmer,* 29 *N. J. L.* 544; *Handlon* v. *Copestone Temple Association,* 106 *Id.* 362. This answers the first point.

The case is devoid of evidence tending to show any reserved use for the purpose of the owner, and as we read the proofs they are far from sufficient to sustain the claim that the door in the pavement was at the time of the accident for the use of tenants in common. It is clear that the trapdoor was in the exclusive control of the tenant of the store facing it. It had a lock to which the tenant alone possessed the key, and access to the cellar could only be had by applying to him for admission. In addition the testimony failed to show that

other tenants as such had any business in this particular cellar with or without the consent of its tenant. Certainly the smoky condition which one of the tenants sought to remedy or the breaking down of the fuses in the Public Service meter were not proof that as between the various tenants and the landlord the trapdoor existed for the common use of all the tenants.

The facts of the case are much like those presented in *Handlon* v. *Copestone Temple Association, supra,* where it was held that no liability attached to the landlord.

The judgment is affirmed, with costs.