JOHN GILDEA, Appellant, v. HARRIS FINE REALTY AND CONSTRUCTION CO., Respondent.— Action to recover damages for personal injuries sustained by plaintiff, who, while on the sidewalk in front of defendant's apartment house, was struck by glass that fell from a third-story window. Order of the Appellate Term reversing a judgment of the City Court of the City of New York, County of Queens, in favor of plaintiff, and dismissing the complaint, and said judgment, reversed on the law and a new trial ordered, with costs in this court and in the Appellate Term to appellant to abide the event. The verdict in the City Court was rendered upon a charge which advised the jury that the doctrine of *res ipsa loquitur* was applicable. " It is the duty of the owner of a building, abutting upon a public street, to maintain it in such a condition that it shall not become dangerous to the traveling public." (*Appel* v. *Muller*, 262 N. Y. 278.) That duty continues unless the owner has alienated the entire property, either permanently or temporarily. (*Trustees of Canandaigua* v. *Foster*, 156 N. Y. 354; *Appel* v. *Muller*, *supra*.) It seems " entire property " means the entire building, and not the entire part of part of a building. The basis of the foregoing rule is that where the landlord has a right to enter, then the duty to avoid danger to a passer-by exists. In the case at bar, although there is no proof as to what was the relationship of the landlord and tenant of the apartment in question, since the landlord had not completely turned over to a tenant the entire building, there is an implied right to enter to make repairs and alterations to safeguard

the public traveling on the sidewalk. Furthermore, under section 78 of the Multiple Dwelling Law, as between landlord and tenant, it was the duty of the landlord to keep the building in repair, including that part of this tenement house that was rented. Thus on this further basis the landlord had the right to enter. The landlord is not a guarantor of the safety of the building in the respect under consideration, and is not liable without reasonable notice of a dangerous condition, express or implied. While there is some proof indicating notice of the alleged defect, the case did not go to the jury upon that theory. Since there were two persons who may have been the cause of this accident, the landlord or the tenant, each of whom may have been independently negligent, *res ipsa loquitur* does not apply. (*Hardie* v. *Boland Co.*, 205 N. Y. 336.) Lazansky, P. J., Young and Adel, JJ., concur; Hagarty and Taylor, JJ., concur as to the reversal of the order of the Appellate Term, but dissent as to a reversal of the judgment of the City Court and vote to reinstate it on the authority of *Appel* v. *Muller* (262 N. Y. 278). Window glass fell from the window of an occupied apartment in the defendant's multiple dwelling house, injuring the plaintiff, a pedestrian on one of the public highways of the city of New York. The terms of the tenancy are not disclosed by the record. The mere fact that a tenant occupied the apartment from which the glass fell does not relieve the owner from the duty of inspection for the purpose of keeping the property reasonably safe in so far as pedestrians on the public highway are concerned.