ANNA GROGAN, an Infant, by Her Guardian ad Litem, SARAH GROGAN, and SARAH GROGAN, Individually, Plaintiffs, *v.* IDA RAPPAPORT and Another, Defendants.

City Court of New York, New York County, February 25, 1937.

*Maxwell Sloser*, for the plaintiffs.

*Arthur S. Rappaport*, for the defendant Rappaport.

*Phillips & Ahearn*, for the defendant Schwartz.

MADIGAN, J. Whether a lock and its fittings resting on the outside of sidewalk cellar doors indicate negligent maintenance may be a question of fact. The fastenings may be so large or so placed as to constitute a condition unreasonably dangerous to those using the sidewalk.

In *Kempe* v. *Concourse Realty Corporation* (237 App. Div. 708) the lock was, at most, four inches from the building. Here, according to defendants, the lock and the attachments which served as staples were fifteen inches from the building. Moreover, in this instance a showcase was kept in a position such that pedestrians

interested in the store windows as well as others would be likely to pass on the part of the sidewalk between the showcase and the building. If they did, as this girl did after leaving a nearby store between five-thirty P. M. and six P. M., January 21, 1932, they might naturally walk as close as fifteen inches to the building.

Cellar openings, cellarways, and coverings for same have long been allowed on sidewalks in various parts of the city of New York. They are not illegal so long as they are permitted by the municipal authorities. (*Matter of Green* v. *Miller*, 249 N. Y. 88.) Nevertheless, they may be negligently maintained.

Here the lock and the accompanying metal staple pieces attached to the cellar doors were rather large. It is true that they were placed near the inner edge of the doors. But that is not conclusive, for the inner border of these doors was not near the building. Should no part of a pair of cellar doors be near the building, that in itself would not justify the owner in subjecting the public to unnecessary danger. If it is not feasible to secure the doors by a chain or a lock underneath them, then it may be feasible to have the fastenings countersunk. The circumstances must be considered. Use of sidewalks by owners or others in control of abutting property would seem to be unreasonable when the use is such as to unnecessarily subject passers-by to danger. (*Powers* v. *Village of Mechanicville*, 163 App. Div. 138.) A lock out on the sidewalk where people are apt to pass may constitute a condition from which an ordinary, reasonably prudent owner or tenant should anticipate danger to pedestrians.

Defendant tenant of the store installed the cellar doors with the attachments mentioned above and the lock. They were there so long prior to the accident as to furnish constructive notice to defendant landlord. The duty of the owner continued because the owner had not alienated the entire property. (See *Appel* v. *Muller*, 262 N. Y. 278, and *Gildea* v. *Harris Fine Realty & Construction Co.*, 249 App. Div. 775.) This owner rented apartments to various tenants and retained control of the parts of the premises used in common. The landlord was not completely divested of control of the premises.

It is found that the infant was injured as the result of negligence of defendants without any negligence on plaintiffs' side contributing to the happening of the accident. The motions of each defendant are denied. Judgment for $350 against defendants on the claim made for the infant. Judgment for $35 against defendants in favor of plaintiff Sarah Grogan.