In the Matter of the Estate of J. LANSING STEWART, Deceased.

Surrogate's Court, Monroe County, December 30, 1938.

*H. D. Bly*, for Vincent S. Bennett and Rochester Trust and Safe Deposit Company, as executors and trustees, etc., petitioners.

*W. S. Forsyth*, for Vincent S. Bennett, individually, and Isabel S. Lindsay.

*T. P. McCarrick*, for Mrs. F. W. Stewart, life beneficiary.

FEELY, S. Six years before his death this testator leased for twenty years a parcel of business property where his contracting corporation was and still is doing business, and the tenant agreed in the lease to make all necessary repairs, to pay all taxes and to " keep the buildings situate on the premises now occupied by Stewart & Bennett, Inc., insured for the benefit of the lessor." This has been taken to refer to the risk of fire.

After he had made that lease the testator took out a policy of insurance against liability to the public on the demised property,

which abuts on two city streets. He died in June, 1934. His executors repaid the corporation above mentioned for two premiums on that policy which it had paid for testator's account in 1932 and 1933, totaling $29.96. The executors, as such, continued that coverage and paid four premiums beginning December 24, 1934, and ending February 5, 1938, totaling $58.01.

The life beneficiary of a trust under the lessor's will now objects to those premium payments being allowed as a credit to the accounting executors, and bases the objection merely on the common-law ground that neither the lessor nor his estate is liable for injury to any one where the entire premises have been leased and there is no obligation on the lessor to repair nor a right of entry reserved.

Aside from the landlord's common-law right to protect himself against the risks that are inherent in the nature and condition of the demised premises other than those usually covered by a tenant's covenant to repair, it is clear that at common law the general test of the landlord's liability for injuries was whether by the lease he has parted with the entire possession and control of the premises (*Klepper* v. *Seymour House Corp.*, 246 N. Y. 85, 94); and it was also clear that the reservation of any right to enter left the landlord liable. (*Gildea* v. *Harris Fine R. & C. Co.*, 249 App. Div. 775.) Aside from the common-law rights of entry that are necessarily implied in every lease, to wit, the right to enter to collect the rent, and the right to enter at any termination or at expiration of the term, the objectant here seems not to have had her attention called to the manifold rights of entry and control that are inherent in the discharge by the landlord of the numerous statutory duties (some of which fall under the common-law case of termination of term) that have been imposed on landlords in recent years, and especially in respect of property used for business purposes.

These statutes are numerous, and have to do not only with particular matters, such as safety and sanitation, but there are also more general provisions. For instance, section 231 of the Real Property Law grants the landlord a right of entry in case any illegal use is made of the demised premises.

The most recent of these broad statutes is the one which declared in 1937 that it is contrary to the public policy of the State for the parties to any lease to agree that the lessor should not be liable for negligence in respect of the leased property. (Real Prop. Law, § 234.) It reads thus: " Every covenant, agreement or understanding in, or in connection with, or collateral to any lease of real property exempting the lessor from liability for damages for injuries to person or property caused by, or resulting from the negligence of the lessor, his agents, servants or employees, in the operation or main-

tenance of the demised premises, or the real property containing the demised premises, shall be deemed to be void as against public policy and wholly unenforceable." This section has been held to be retrospective. (*Greenspan* v. *East 33rd St. Realty Corp.*, 169 Misc. 353.) In the case just cited the tenant was successful in having stricken out the landlord's defense that under the terms of the lease the landlord was not liable for negligence.

Many interpret the necessary implication of this new legislation to be that, just as the making of a lease or the taking of protective covenants from the lessee does not exempt the lessor or owner from the duty of reasonable care, so the owner or lessor must be deemed to be held to use such care regardless of the leasing or the covenants, and that whatever may have been the simpler conditions that possibly justified the common-law rule, the complex modern social conditions require that no owner or lessor shall be allowed to rid himself of the various statutory and other modern obligations to the community by any form of private agreement which he has already made, or may make hereafter, with his lessee or with his insurance carrier. This new statute not only makes the owner or lessor responsible, regardless of a lease or covenant, but it also necessarily empowers him to enter in order to comply with the particulars of the various statutes, as the case may be.

For instance, the most pertinent one to the present case is the provision of the city charter that for many years has held the abutting owner responsible for keeping in repair the public sidewalks on the highways or streets on which his property abuts. (*City of Rochester* v. *Campbell*, 123 N. Y. 405.)

Under the new statute (Real Prop. Law, § 234) no landlord or owner can now free himself of this particular burden by any agreement he may have made or may make with any one.

Today the owner or lessor is obliged by statute to retain much more control (with a corresponding right of entry) over real property he has leased than he was deemed to have done under the common-law rule as it stood some time ago and before the various statutes had, in effect, expanded the exception to the old rule in respect to entry as widely as they have done in recent years. The emphasis falls on the social bearings both of a citizen's ownership and also of his property as such.

It follows, therefore, that this testator lessor was prudent in taking out the insurance against public liability and that his executors and trustees might well be blamed if they failed to continue to carry the same protection for the estate. The objection to the six premiums paid for this policy should be dismissed on the merits.

Based on the fact that the estate has not paid off a mortgage on the aforesaid real property for $3,000, with interest at five per cent, whereas the estate has been receiving on its cash deposits only two per cent, the objectant states in the brief that she does not wish any of the securities sold to pay off this mortgage, but suggests that " if the executors have sufficient cash on hand, that mortgage should be paid off." For the executors it has been urged that, in the present status of the estate, securities would have to be sold in order to pay off this mortgage. Nothing has been shown to warrant a finding that there has been any abuse of discretion on the part of the executors or any negligence on their part. This matter, therefore, must be left to their discretion until something further develops.

A few minor matters in the first account were corrected by the executors in their supplemental account, but there remains one which constitutes the last point in the objectant's brief. In the latter account the executors charged themselves with $208.50 which they paid to J. Z. Culver Co. on June 9, 1934. It was repaid to the estate September 15, 1937. The executors should charge themselves with thirteen dollars and ninety-five cents as the interest on that sum during the interim.

By stipulation, the consideration of the objection made by Isabel Lindsay as to a certain second mortgage has been deferred until later. Meantime, as to other matters accounted for, the executors are entitled to enter a decree of discharge accordingly.

Submit on notice a decree for signature and entry, in accord with this decision.