JENNIE ANTONSEN et al., Appellants, *v.* BAY RIDGE SAVINGS BANK, Respondent.

Argued January 10, 1944; decided March 2, 1944.

*Harry Elegant* and *Harry Silver* for appellants. The evidence entitled the jury to find that control of the ceiling remained with the defendant. (*Scudero* v. *Campbell*, 288 N. Y. 328; *Cullings* v. *Goetz*, 256 N. Y. 287.)

*Clarence S. Zipp* and *J. Austin Lyons* for respondent. I. Plaintiffs failed to make out a cause of action, and their complaint was properly dismissed. The landlord may not be held liable to the tenant, or to the latter's invitee, when a defect existing at the time of lease is known to the lessee or discoverable by the latter on a reasonable inspection. (*Jaffe* v. *Harteau*, 56 N. Y. 398; *Hirsch* v. *Radt*, 228 N. Y. 100; *Vousden* v. *United Cities Realty Corporation*, 194 App. Div. 26; *Campbell* v. *Holding Co., Inc.*, 251 N. Y. 446; *Kilmer* v. *White*, 254 N. Y. 64; *Sacks* v. *Sunset Hill Realty Corp.*, 250 App. Div. 778, 276 N. Y. 668; *Liebowitz* v. *Denison Realty Corp.*, 250 App. Div. 204, 277 N. Y. 670; *Lenetsky* v. *Dime Sav. Bank of Brooklyn*, 261 App. Div. 977; *Altz* v. *Lieberson*, 233 N. Y. 16; *Beauchamp* v. *Excelsior Brick Co.*, 143 App. Div. 48; *Sterger* v. *Van Sicklen*, 132 N. Y. 499.) II. Defendant had a right to ignore the defective condition of plaintiffs' kitchen ceiling. It was under no duty to correct that

condition. There could then be no conceivable ground for recovery in nuisance, for a condition can constitute a nuisance only when it is wrongful. (*Wilks* v. *N. Y. Telephone Co.*, 243 N. Y. 351; *McFarlane* v. *City of Niagara Falls*, 247 N. Y. 340; *Smith* v. *Earle*, 202 App. Div. 305; *Hines* v. *Cielo*, 260 App. Div. 878, 285 N. Y. 786.)

LEWIS, J. The two plaintiffs — husband and wife — reside on Seventh Avenue, Borough of Brooklyn, in a two-family house of which the defendant-respondent, Bay Ridge Savings Bank, is a mortgagee in possession. On March 18, 1940, the plaintiff wife sustained personal injuries when in her apartment a portion of the kitchen ceiling fell upon her. In their present action against the defendant a jury at Trial Term returned in favor of both plaintiffs a verdict which awarded damages to the wife for personal injuries and to the husband for loss of his wife's services. The judgment entered upon the jury's verdict was reversed on the law at the Appellate Division and the complaint was dismissed on the law. The order of the Appellate Division directs '' that the findings of fact implicit in the verdict be and the same hereby are affirmed.''

The building here involved is concededly of a type which makes inapplicable either the Multiple Dwelling Law or the Tenement House Law. Accordingly, if the defendant is to be held liable in this action, it must be upon proof of a breach of its common-law duty.

The plaintiffs had occupied their apartment under a month-to-month tenancy commencing on the 15th day of each month. There is evidence that when the apartment was first rented by the defendant to the plaintiffs the defendant had agreed to make repairs as they became necessary and had done so until the month of December, 1939, when a crack developed in the kitchen ceiling. Despite the fact that this condition was brought to the attention of the defendant's agent, no repairs were then made. As time passed the condition became worse until the early part of March, 1940, when the ceiling crack had widened to such an extent that a portion of the plaster was dislodged and hung down. On March 9th the plaintiff husband went to the defendant's office where he complained of the condition and was assured by the defendant's agent that the ceiling would be repaired. Three days later one of the defendant's agents

came to the apartment at which time, after inspecting the kitchen ceiling, the plaintiffs were again assured that repairs would be made. There is evidence that in reliance upon this promise made in behalf of the defendant the plaintiffs renewed their lease of the apartment and took possession for the month beginning March 15th. However, no repairs were made prior to March 18th, on which date the kitchen ceiling fell causing injuries to the plaintiff wife which are the subject of the present action.

In submitting the case to the jury the Trial Justice, at the request of counsel for the defendant, charged that " There may be no recovery in this case for the plaintiffs based on the alleged promise to repair the ceiling; * * * that there is no duty at common law on the part of the owner or one acting in the owner's stead to repair a ceiling in a two-family house, such as involved in this case, *where the portion of the premises involved was demised in its entirety.*" (Italics supplied.) In view of those instructions — which became the law of the case and to which we must assume the jury gave full heed (*People* v. *Guardino,* 286 N. Y. 132, 135) — there is implicit in the verdict for the plaintiffs a finding that, under the terms of the lease by which the plaintiffs occupied the apartment, the defendant as landlord reserved control of the premises to the extent of permitting it to make repairs. In support of such a finding there is evidence that several days after the accident the defendant's agent came to the plaintiffs' apartment and installed in the kitchen a new tin ceiling in place of the plaster ceiling which had fallen on March 18th. The evidence of repairs thus made by the defendant after the accident came into the case over the defendant's objection at a time when the important issue before the trial court was whether the defendant had given to the plaintiffs complete and exclusive possession of the premises. The Trial Justice carefully limited the receipt of that evidence to the inquiry whether at the time of the letting there had been a reservation of a degree of control of the premises by the defendant as landlord. The evidence was admissible for that purpose. (*Scudero* v. *Campbell,* 288 N. Y. 328, 329.) It was evidence from which the jury could find " * * * a reservation by [the defendant] of one of the privileges of ownership." (See *Cullings* v. *Goetz,* 256 N. Y. 287, 291.)

The fact that the case was submitted to the jury on the theory of a nuisance maintained by the defendant rather than its negligence did not prejudice the defendant. Despite the possible misnomer the basis of defendant's liability was the same. (*Hirsch* v. *Radt,* 228 N. Y. 100, 105; *Junkermann* v. *Tilyou Realty Co.,* 213 N. Y. 404, 408; *Klepper* v. *Seymour House Corp.,* 246 N. Y. 85, 92.) That basis in this instance was the evidence to which reference has been made from which the jury could have found that the possession and dominion of the premises demised by the defendant to the plaintiffs was not exclusive and complete but reserved to the defendant such a measure of control as permitted it to make necessary repairs. "The duty to keep a building or part of it in repair is coextensive with the control retained by the landlord." (*Zolezzi* v. *Bruce-Brown,* 243 N. Y. 490, 497.)

The judgment of the Appellate Division should be reversed and that of the Trial Term affirmed, with costs in this court and in the Appellate Division.

LEHMAN, Ch. J., LOUGHRAN, RIPPEY, CONWAY, DESMOND and THACHER, JJ., concur.

Judgment accordingly.