Callahan, J.
(dissenting). I cannot agree with the holding that the elevator upon which the accident involved herein happened was in a “ tenant factory ” building. The buildings referred to by the parties as “ A and B ” were one, but building “ C ” where more than one tenant occupied space was for all practical purposes a separate structure. That the tenant in “ A-B ” had access to building “ C ” by means of another elevator in “ C ” did not, in my opinion, make the whole block one building.
Plaintiff did not possess a cause of action at common law. In Appel v. Muller (262 N. Y. 278) the person injured was a pedestrian on the highway to whom the owner owed a duty of care. The owner there was not relieved of this duty where he had the right of entry and the ability to perform. The Court of Appeals expressly pointed out that the rule would be different as to a visitor of a tenant injured within leased premises. The local ordinance cited by plaintiff would not seem to rapport liability*
*997 I dissent, and vote to reverse the judgments and dismiss the complaints. Martin, P. J., Glennon, Dore and Peek, JJ., concur in decision; Callahan, J., dissents in opinion.
Judgments affirmed, with one bill of costs. No opinion. [184 Mise. 506.]