ALBERT ABRAMS et al., Plaintiffs, *v.* MANHATTAN DIAL MFG. CO., INC., Defendant.*

Supreme Court, Trial Term, Kings County, June 24, 1947.

*Benjamin Feldstein* for plaintiffs.

*Robert L. Callahan* and *John T. Brennan* for defendant.

LIVINGSTON, J. Plaintiffs move herein to vacate the dismissal of the complaint which occurred after they had rested at trial. The plaintiffs sued to recover for damage to their merchandise

---

* See, also, *Noble* v. *Marx*, 272 App. Div. 670.— [REP.

caused by water leakage due to a defective condition of the roof of the building which they occupied under a lease made with defendant owner whereby the entire premises were rented to them. It was sought to be established that the water was caused to enter the premises as a result of defendant's negligence in failing to maintain the roof in good repair and in permitting the water drains to become clogged. Among other things the lease provided:

" 2nd. That the Tenant shall take good care of the premises and shall, at the Tenant's own cost and expense make all interior repairs to the building, the Landlord to be responsible for all exterior repairs including the roof and sidewalks and at the end or other expiration of the term, shall deliver up the demised premises in good order or condition, damages by the elements excepted."

" 6th. The said Tenant agrees that the said Landlord and the Landlord's agents and other representatives shall have the right to enter into and upon said premises, or any part thereof, at all reasonable hours for the purpose of examining the same, or making such repairs or alterations therein as may be necessary for the safety and preservation thereof."

The complaint was dismissed at the close of the plaintiffs' case in the belief that there was lacking evidence of a reservation by the defendant of control of the leased premises in the degree necessary to impose liability in tort for breach of a covenant to repair. Re-examination of the pertinent authorities impels the conclusion that such evidence of control is to be found in the covenant of the lease reserving to the defendant a right of entry for purposes of inspection and repair. (*Antonsen* v. *Bay Ridge Savings Bank*, 292 N. Y. 143.)

In the *Antonsen* case (*supra*), a landlord out of possession was charged by the tenant with negligence in failing to make agreed repairs. The landlord had made repairs after the accident and evidence of that fact was held admissible upon the issue of control. In commenting upon its admissibility, the Court of Appeals, citing *Cullings* v. *Goetz* (256 N. Y. 287) said (p. 146): " It was evidence from which the jury could find ' * * * a reservation by [the defendant] of one of the privileges of ownership.' " Earlier in the opinion, the court noted that implicit in the plaintiff's verdict returned at the trial was (p. 146): " * * * a finding that, under the terms of the lease by which the plaintiffs occupied the apartment, the defendant as landlord reserved control of the premises to the extent of permitting it to make repairs."

The Appellate Division had reversed the judgment in plaintiff's favor and had directed a dismissal of the complaint upon the authority of *Cullings* v. *Goetz* (256 N. Y. 287, *supra*). In reversing the judgment of the Appellate Division and affirming that of the Trial Term, the Court of Appeals must be taken to have ruled directly that reservation of control for the limited purposes of making repairs is sufficient to create tort liability in favor of the tenant. Since in the present case there is an express reservation of a right of entry for purposes of inspection and repair, there must be a finding that the defendant thereby reserved " ' one of the privileges of ownership ' " and that in consequence it came under tort liability to the plaintiffs for breach of the covenant to repair.

In support of its contention that the complaint was rightfully dismissed at the trial, defendant cites *Cullings* v. *Goetz* (*supra*), and a number of other decisions in which the rule of that case was applied. *Cullings* v. *Goetz* (*supra*) stands for the proposition that a lessor who reserves no control of the leased premises does not incur tort liability towards the lessee or those on the premises in the right of the lessee, upon a breach of his covenant to repair. Chief Judge CARDOZO writing for the court emphasized the point that liability in tort is an incident to occupation and control and that " occupation and control are not reserved through an agreement that the landlord will repair   *   *   *." (P. 290.) In discussing the power of control necessary to raise the duty, Chief Judge CARDOZO quoted from an English decision (*Cavalier* v. *Pope* [1906], A. C. 428, 433) that (p. 490): " ' It implies the power and the right to admit people to the premises and to exclude people from them.' " There is an intimation that the court was not prepared to exclude the possibility " of so phrasing and enlarging the rights of the lessor that occupation and control will be shared with the lessee." (P. 290.) In that connection, there is cited, without seeming disapproval, the Massachusetts rule which draws " a distinction between a covenant merely to repair and one to maintain in safe condition with supervision adequate to the end to be achieved   *   *   *." (Pp. 290–291.) In the latter type of situation, Massachusetts courts hold that a landlord reserves one of the privileges of ownership.

The Massachusetts rule could not be applied in *Cullings* v. *Goetz* (*supra*) because in that case the mere promise to repair, at the request of the lessee, did not result in a reservation by the lessor of one of the privileges of ownership. There was no need to expound any final definition of the measure of control neces-

sary to impose tort liability, for no control in any measure was there reserved by the landlord. The decision is important for its statement that the duty to repair unaccompanied by occupation and control in some measure is insufficient to impose tort liability towards those on the leased premises. It left open for future consideration the effect of a lessor's reservation in his own interest of a right of entry for inspection and repair. It was not until the *Antonsen* case (*supra*) came before the Court of Appeals that the question was directly presented. There has been some intimation that the decision in that case marks a departure from the rule of *Cullings* v. *Goetz* (*supra*). (See 163 A. L. R. 305; *Colligan* v. *680 Newark Ave. Realty Co.,* 131 N. J. L. 520.) This probably stems from the oft-repeated dictum that the power of control necessary to raise the duty " implies the power and the right to admit people to the premises and to exclude people therefrom ". But as indicated above, it is not at all clear that Chief Judge Cardozo intended to commit the court to a final and all-inclusive definition of the measure of control necessary to impose the duty.

The result in the *Antonsen* case (*supra*) might be regarded as a logical development of the rule applied in respect to the duty of a landlord out of possession towards passers-by using the public streets. A landlord, by virtue of his ownership, is under a common-law duty to maintain his building in a manner that will not cause injuries to members of the public. Liability upon breach of this duty is enforcible, however, only when it is shown that the landlord by reserving some measure of control is capable of discharging his duty. Accordingly, it has been held that a reservation by the landlord of the right to enter the premises for purpose of repair renders him liable for injuries sustained by passers-by as a result of his failure to exercise due care to maintain the premises in a condition of safety. (*Appel* v. *Muller,* 262 N. Y. 278; *Wilson* v. *Jaybro Realty & Development Co.,* 266 App. Div. 668.)

The effect given to a covenant to repair is not the same in the two situations. In relation to the tenant or his visitor on the leased premises, the landlord does not reserve control through his agreement to repair, while in relation to passers-by, the landlord is held to retain control through such agreement. This distinction is mentioned only in passing for it does not affect a situation such as the one here present, where the landlord has covenanted to repair and has also reserved the right to enter for purposes of inspection and repair.

*Homin* v. *Cleveland & Whitehill Co.* (281 N. Y. 484) cited by the defendant, is without application to the facts here present. In that case, the decedent fell from a window he was washing on the outside of a public building owned by the defendant. The entire building had been leased and was in possession and control of the tenants. The window from which the decedent fell was part of the premises covered by a lease, under the terms of which the defendant reserved the privilege to enter or examine the premises or to make requisite repairs. The sole claim of liability was the charge that defendant had violated section 202 of the Labor Law which prohibited the " owner * * * in charge of a public building " from requiring or permitting any window of its building to be cleaned from the outside unless means are provided to enable such work to be done in a safe manner. The Court of Appeals found that the defendant was not " in charge of the building " within the meaning of the statute simply by virtue of the reservation of the right to inspect and make requisite repairs. The correctness of this conclusion cannot be seriously questioned for reservation by the landlord of a right of entry to repair is not tantamount to a right to enter to make the premises safe for window washers hired by the tenant. Although *Cullings* v. *Goetz* (*supra*) was cited in support of its conclusion, the court was careful to point out that the question of repairs was not involved. The court was concerned solely with the question of statutory liability and its holding must be limited to the facts there considered.

Plaintiffs' motion for an order setting aside the dismissal of the complaint and for a new trial is granted. Settle order.