Foster, J.
This is an appeal by a defendant from a judgment entered upon verdicts in favor of the plaintiffs after a trial by jury. _
_ Plaintiffs were tenants of a flat at No. 169 Quail Street in the city of Albany. The premises were owned by the defendant, but managed by a real estate firm. Plaintiffs occupied their flat under a written lease which provided that they would keep the premises in repair, and upon their failure to do so the landlord might make necessary repairs and add the cost to the rent. Despite this provision the jury could find from the testimony of the defendant, through her agent, that she had performed a number of repairs without adding their cost to the rent. The jury could also find from the testimony that prior to the execution of the lease the agent of the owner agreed to repair a hole in the bathroom floor of the flat as soon as a carpenter could be procured. The original lease was executed July 22,1943, and ran- for a period of fourteen months. It was renewed on July 1, 1944, and term extended to September 30, 1945. Up to January 23, 1945, the hole in the bathroom floor had not been repaired, although the jury could find that repeated requests for its repair had been made. On that date the plaintiff, Lorina Noble, fell as a result of her heel catching in the hole, and received injuries for which she has recovered a verdict.
On the trial plaintiffs were permitted to prove, solely for the purpose of showing a degree of control on the part of the owner, that shortly after the accident the hole was repaired by the owner. Apparently this was permissible (Antonsen v. Bay Ridge Savings Bank, 292 N. Y. 143; Scudero v. Campbell, 288 N. Y. 328).
Defendant argues that the verdicts are against the weight of evidence. There is nothing in the record which impels this view. Whether the agent of the owner made a specific and oral agreement to repair the bathroom floor, prior to the execution of the lease and despite the general clause in the lease making the tenant responsible for repairs, was a question of fact for the jury. And the determination of this question was dependent *672 ■ upon the credibility to be attached to the testimony of witnesses who were seen and heard by the jury. We cannot say from this record that the jury’s appraisal of the testimony was faulty.
Defendant also urges that the trial court erred in instructing the jury that the employees of the defendant’s agent were interested witnesses. An exception was taken to this portion of the charge. Of the two witnesses referred to, one had negotiated the lease, and the other had collected rent and ultimately arranged for the repair of the hole in the floor of the bathroom. At the time of the trial the agent no longer represented the defendant, for the premises had been sold. The witnesses however directly denied the claim of the plaintiffs that they had agreed to repair the bathroom floor. They were, for the purposes of the transaction, the alter ego of the owner, who did not appear on the trial of the action. While they had no direct interest in the actual financial result of the lawsuit they were by no means in the category of former employees testifying merely as to observation. To the contrary they were directly implicated as actual participants in a disputed transaction, and as such it was not error to charge them with being interested witnesses.
Defendant argues finally that in no event is there liability in tort for failure to perform a covenant to repair, and cites Cullings v. Goetz (256 N. Y. 287) to support this view. In that case the plaintiff was injured by a garage door which fell upon him. He sued both the lessee and the owner. It was claimed there, and assumed for the purposes of the decision, that the lessor had orally agreed to make necessary repairs. The court held that liability in tort on the part of a lessor is an incident to occupation and control, and that occupation and control are not reserved through an agreement that the landlord will repair. The opinion expressly noted that the New York rule was contrary to the view of the American Law Institute.
Plaintiffs cite Antonsen v. Bay Ridge Savings Bank (292 N. Y. 143, supra). There the plaintiffs rented an apartment from month to month. The owner orally agreed to make repairs as they became necessary, but failed to repair a kitchen ceiling, which later fell and injured the plaintiff wife. Afterwards the owner had the ceiling fixed. The court held that there was implicit in the verdict of the jury, under the terms of the lease by which plaintiffs occupied the apartment, that the landlord reserved control of the premises to the extent of permitting it to make repairs; and that the jury could find from the evidence of after repairs a reservation by the owner of one of the privileges of ownership.
*673 We must admit that we find some difficulty in reconciling these decisions, but the Antonsen case is the most recent expression on the subject by the Court of Appeals and deals with a state of facts quite analogous to those of the case on appeal. In addition, the lease in this case gave the owner, or her agent, the right of inspection to determine whether repairs were necessary, and right to enter and make such repairs if the tenants failed to do so. So on all the facts the jury could find sufficient control to render the lessor liable in tort.
The judgment should be affirmed, with costs.
Hefeerítan, Brewster and Bussell, JJ., concur; Hill, P. J., dissents.
Judgment affirmed, with costs.