7 N.J. Super. 224 (1950)
72 A.2d 891
DOLORES ANN ROSS, BY HER GUARDIAN AD LITEM, SANTI ROSS AND SANTI ROSS, INDIVIDUALLY, PLAINTIFFS-APPELLANTS,
v.
NICHOLAS TETRADIS, DEFENDANT-RESPONDENT. DOLORES ANN ROSS, BY HER GUARDIAN AD LITEM, SANTI ROSS AND SANTI ROSS, INDIVIDUALLY, PLAINTIFFS-APPELLANTS,
v.
PETER METZ, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued March 20, 1950.
Decided April 25, 1950.
*225 Before Judges JACOBS, McGEEHAN and EASTWOOD.
Mr. Hyman W. Rosenthal argued the cause for the plaintiffs-appellants (Messrs. Marcus & Levy, attorneys).
Mr. William F. Hinchliffe argued the cause for the defendant-respondent, Nicholas Tetradis.
Mr. Hugh C. Spernow argued the cause for the defendant-respondent, Peter Metz.
*226 The opinion of the court was delivered by EASTWOOD, J.A.D.
Plaintiffs appeal from a judgment of dismissal. The two separate actions instituted against defendants, Nicholas Tetradis, owner, and Peter Metz, tenant, grounded on their alleged negligence and maintenance of a nuisance as the proximate cause of the injuries suffered by plaintiff, Dolores Ann Ross, a minor, were tried together.
Plaintiffs' proofs establish that: on August 17, 1945, Miss Ross slipped and fell while walking on the sidewalk in front of the premises known as 780 East Eighteenth Street, Paterson, New Jersey, causing her to come into contact with the jagged edges of a shattered plate glass window of the front part of the premises occupied by the defendant Metz, which he had rented from defendant, Nicholas Tetradis, on a month to month tenancy; Nicholas Tetradis, owner, lived in the third floor and the remainder of the building was leased to several tenants; the glass window had been broken approximately three weeks prior to the accident and had not been repaired; Metz put a piece of board and later a piece of metal over the broken part of the glass window on the inside thereof. In this posture of the proofs, on motion of defendants, the Passaic County Court directed the entry of a judgment of dismissal.
We are satisfied that the court properly dismissed plaintiffs' action insofar as defendant, Nicholas Tetradis, owner, is concerned. In their complaint, plaintiffs assert that defendant, Tetradis, "* * * was the owner and operator and retained and reserved control, management and possession of the premises * * *." It is elementary that to create legal liability on the part of the defendant, the injury which presents the basis of the action, must be predicated upon the violation, negligence or omission of some legal duty which the defendant owed to the injured party and which constituted the proximate cause of the injury; otherwise, damnum absque injuria. The prevailing rule in this State is that a landlord is under no duty to make repairs to leased premises unless he has contracted to do so, or the defective condition *227 exists as to a portion of the premises used in common by all tenants. Grugan v. Shore Hotels Finance & Exchange Corp., 126 N.J.L. 257 (E. & A. 1941); Rosenberg v. Krinick, 116 N.J.L. 597 (Sup. Ct. 1936). As stated in Granato v. Howard Savings Institution, 120 N.J.L. 94 (Sup. Ct. 1938), at p. 96: "It is established that the mere leasing of premises, without more, does not place upon the landlord the duty to make repairs of the sort involved herewith. * * *" Nor may a landlord, who has not reserved control over demised premises, be called upon to respond in damages to a third person for injuries caused by the tenant's failure to make necessary repairs within a reasonable time to remove a dangerous condition to the travelling public, which condition was created during his tenancy. Hammer v. Vanderbilt, 116 N.J.L. 574 (Sup. Ct. 1936). Thompson on Real Property (Vol. 4, § 1555, pp. 25, 26), states that the general rule is that which prevails in New Jersey, viz.:
"* * * A landlord who is not in possession of the leased premises, and has no control over same, is not liable for injuries resulting to third persons. * * * He is not liable for injuries sustained by a stranger due to the tenant's negligence when the tenant is in exclusive possession and the landlord is under no duty to repair and the tenant fails to repair. * * * In the absence of a contract duty on the part of the landlord, the tenant, and not the landlord, is liable for personal injuries sustained by third persons from failure to keep the demised premises in repair. * * *"
See Lowell v. Spaulding, 4 Cush. (Mass.) 277, 50 Am. Dec. 775 (1849); Appel v. Muller, 262 N.Y. 278, 186 N.E. 785 (N.Y. Court of Appeals, 1933), discussed in 89 A.L.R., at p. 477; Blanchard v. Stone's, Inc.; Same v. A.W. Perry Realty Co., 24 N.E.2d 688 (Mass. S.J.C. 1939). The plaintiffs' proofs fail to establish that the landlord reserved any control, or that any duty devolved on him to repair or that the portion of the premises in question was used in common by all the tenants or that the damaged window constituted a nuisance created or maintained by him.
We are not in accord with the trial court's judgment of dismissal in favor of the tenant. The duty of care to be exercised *228 by the occupier of premises to render them safe to the travelling public has occasioned frequent consideration by our courts. In the case of Durant v. Palmer, 29 N.J.L. 544 (E. & A. 1862), wherein improper safeguards were provided for a dangerous condition abutting the public walkway, the court stated that the travelling public have a right to assume that there is no unprotected danger or impediment to their safety and, where such a condition exists, the owner or tenant, dependent upon the circumstances, is required to render it safe to the public. Mr. Justice Depue, in 1869, speaking for the former Supreme Court, in Temperance Hall Association of Trenton v. Giles, 33 N.J.L. 260, at p. 264, said:
"* * * An area, opening into a public footway, or so near thereto that a person, lawfully using the way, with ordinary caution, might, by accident, fallen into it, is, per se, a nuisance; and only ceases to be such, when proper means are adopted, either by enclosing it, or maintaining a light to warn persons of danger, to guard against the occurrence of such accidents. * * *"
Thompson on Real Property, supra; Lowell v. Spaulding, supra; Appel v. Muller supra; Blanchard v. Stone's, Inc.; Same v. A.W. Perry Realty Co., supra.
The tenant's failure to make necessary repairs to the plate glass window and thereby eliminate a condition fraught with danger to the public, does not bespeak the efforts of a reasonably prudent person to provide sufficient safeguards to render his premises safe to the travelling public.
In the consideration of the motion to dismiss, the plaintiffs' proofs, as well as all legitimate inferences to be reasonably drawn therefrom, must be accepted as true. We are satisfied that plaintiffs established a prima facie case of negligence against the tenant, Peter Metz, and that it was error, therefore, to direct a dismissal as to him.
The judgment of the County Court is affirmed as to defendant. Nicholas Tetradis, and reversed as to defendant, Peter Metz.