■ LIDO COLONY ASSOCIATION, INC., Appellant, v. SHELBOURNE-GRAND HOTEL, INC., Respondent.— Appeal from an order denying a motion to adjudge respondent in contempt of court for having disobeyed the provisions of a judgment enjoining it from interfering with appellant's possession of real property. Order affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Wenzel, Murphy, Ughetta and Hallinan, JJ., concur.

■ HELEN PINE et al., Appellants, v. THOMAS MOAWOOD et al., Respondents.— In an action by the appellant Helen Pine to recover damages for personal injuries and by her husband for medical expenses and for loss of consortium, the appeals are from judgments entered upon a verdict of a jury in favor of respondents, and from an order denying a motion to set aside the verdict and for a new trial. Judgments and order reversed and a new trial granted, with one bill of costs to appellants to abide the event. Appellant Helen Pine was injured by a fall upon the front step of a store owned by respondent Moawood, and operated as a retail meat and food market by respondent Laurenzano, under an oral lease. The tread of the step was of wood, two layers in thickness, and was alleged to have been out of repair, loose and defective at the time of the accident, and also constructed in a manner that failed to conform to safe standard and proper practice. The trial court erred in excluding testimony by an engineer, who inspected the step two and one-half years after the accident, as to the conditions which he found on his inspection; evidence having been previously introduced to the effect that there had been no substantial change in the condition of the step between the time of the accident and the time of the inspection. The excluded testimony related to the condition of the step and its nonconformity with safe standard and proper practice. A previous statement in writing, signed by respondent Laurenzano, containing admissions material to the issues was excluded upon a specific objection by counsel for respondent Moawood that appellants' counsel was attempting to impeach his own witness. The statement was offered as an admission and, as such, was admissible against respondent Laurenzano. Although it was inadmissible against respondent Moawood over proper objection, the exclusion was error on the state of the record at the time of the offer. (*Bloodgood* v. *Lynch*, 293 N. Y. 308.) The court also erred in charging the jury that there could be no liability on the part of respondent Moawood for maintenance. There was evidence of making of repairs by the landlord sufficient to support a finding of actual control. (*Antonsen* v. *Bay Ridge Sav. Bank*, 292 N. Y. 143; *Scudero* v. *Campbell*, 288 N. Y. 328.) Nolan, P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ., concur.