THE TEMPERANCE HALL ASSOCIATION OF TRENTON, PLAINTIFFS IN ERROR, v. MARIA GILES, DEFENDANT IN ERROR.

1. An area, opening into a public footway, or so near thereto that persons, lawfully using the way with ordinary care, might, by accident, fall into it, is *per se*, a nuisance, and only ceases to be such when proper means are adopted, either by enclosure, or otherwise, to guard against the occurrence of such accidents.
2. In an action on the case, to recover damages for injuries received by falling into an area opening into a sidewalk, in the city of Trenton, *Held*—that it was not competent, on the part of the defendant, to show that such areas were common in the said city, and that it was customary in the city to protect areas, as the one in question was protected, when the plaintiff received her injury; and that over ten thousand persons had passed and repassed the area every year since it had been built, without accident.

On error to Mercer Circuit.

This action was brought by Mrs. Giles to recover of the defendants, the Temperance Hall Association of Trenton, damages for an injury received by falling into an area or passage way leading to a cellar under the Temperance Hall, in the city of Trenton.

The facts, as proved on the trial, were substantially these:

In the spring of 1867, a course of medical lectures was being delivered in the large hall belonging to the Temperance Hall Association. These lectures had been attended by the plaintiff, in company with many others—the audiences being very large. On the night of the 13th of March, there was an unusual crowd. About ten o'clock, the audience was dismissed. On reaching the street, it was so dark that one could hardly see anything. The plaintiff became separated from the person who accompanied her to the lecture, and fell into the area, and was seriously hurt. The area into which she fell, is ten feet three inches west of the steps leading from the hall. It is two feet three inches in width, protected on the west and north sides by a strong iron railing; on the

south side is the main wall of the hall ; on the east side is the opening to go into the cellar by steps. There is neither gate or railing across this opening, which is the same width as the area itself. The pavement at the steps to the main hall is four feet wide, while at the area it is five feet three inches from the railing to the curb. The steps from the hall end upon a platform or porch, extending four feet from the hall, so that a person, on leaving the porch, stands about on the centre of the pavement.

Argued, November Term, 1868, before the CHIEF JUSTICE, and Justices BEDLE, DALRIMPLE and DEPUE.

For plaintiff in error, *E. T. Green.*

Contra, *W. D. Holt.*

The opinion of the court was delivered by

DEPUE, J. The plaintiff having proved the situation of the premises, and the location of the area with reference to the sidewalk, and the circumstances under which she received the injury, rested her case. No motion was made for a non-suit. The defendants, as part of their case, proposed to prove (1) that over ten thousand persons had passed and repassed the area, every year since the hall was built, without accident ; and (2) that such areas are common in the city of Trenton, and that it is the custom, in said city, to protect them as the area in question is protected, and that the hall and area were built according to the usual custom. The court excluded all evidence touching the matters embraced in these propositions ; and this ruling constitutes the exceptions relied on for a reversal. The position of the plaintiffs in error is, that this evidence was competent, either as bearing upon the question whether the area, as constructed, was a public nuisance, or as tending to show want of ordinary care in the plaintiff.

As no length of time will legalize a public nuisance, so the

existence of other unlawful erections of the same kind, however numerous, will not remove the taint of illegality from any one or all of them. A custom to do acts injurious to the public, which are prohibited by law, and punishable by indictment, is not a good custom. The erection of a public nuisance affords no ground for an action at the suit of a private individual; but when a private individual has suffered some special injury from a public nuisance, his right to maintain an action to recover his damages, at once attaches. No indictment for or abatement of the nuisance is necessary to precede the action; and if an indictment is procured, and a conviction had upon it, or the nuisance is otherwise abated, the record of such conviction, or the fact of the subsequent abatement, will not be receivable as evidence in his behalf, to prove the existence of the nuisance. Neither does the fact that the public have taken no steps to remove the public offence, but have submitted, and continue to submit, to the continuance of the nuisance complained of, afford any presumption in favor of the party by whom it was erected. The plaintiff makes no title to compensation through the public. The *gravamen* of the action is, special damages sustained by the plaintiff, from the unlawful act of the defendants, which is also an offence against the public. The existence of similar apertures in other parts of the city, in great numbers, and for a long time, is not evidence from which a jury may infer that such apertures are not actionable nuisances. *Bacon* v. *City of Boston*, 4 *Cush.* 174.

The residue of the evidence excluded is objectionable for irrelevancy. It is insisted that it should have been received and allowed to go to the jury, on the question whether the plaintiff was exercising ordinary care when the accident happened. The evidence is, that the night was dark, so dark that the plaintiff was unable to see where she was going; that she became separated from her escort, and was endeavoring to make her way through the unusual crowd of persons who were leaving the hall that evening, when she fell into the area. The negligence of the defendants, from

which she suffered, was in permitting the area to be open, on a dark night, when a throng of people was congregated at the hall, without any light, or other means of warning the public of the danger in passing on that side of the walk.    The defendants' offer does not meet the precise circumstances under which the plaintiff met with the accident, and, consequently, the evidence offered, if received, would have had no bearing on the question whether the plaintiff, under the circumstances in which she was placed, exercised that degree of care which was in her power, and which might reasonably be expected from a person in her situation.

It was also argued that the evidence was competent, as tending to show that the area was not so dangerous that it might not be avoided by the exercise of ordinary care, and, therefore, was not a public nuisance ; and that, as bearing on this question, the number of persons who passed the premises daily, since the area had been constructed, without accident, was a circumstance from which a presumption might be drawn which might properly have an effect on the minds of the jury.

It is not easy to draw the line, and define, with accuracy, where probability ceases and speculation begins.    The rule is everywhere stated, in general terms, that the evidence must be confined to the issue.    This rule excludes all evidence of collateral facts which are incapable of affording any reasonable presumption or inference as to the principal fact or matter in dispute.    1 *Greenleaf's Ev.*, § 52.

It is not practicable to lay down any principle by which a judge should be governed in determining whether any class of facts offered to be proved, comes short of the requisite of affording a reasonable presumption as to the matter in issue, but the inclination of the cases is to exclude all proof of facts which are *res inter alios acta*, unless their probative force, as presumptions, clearly appears, for the obvious reason that the other party cannot be prepared to meet such proof by counter proof, as to the truth of the facts offered.    When such evidence is offered, everything depends on the nature

of the case, to sustain which, or against which, the evidence is offered. An area, opening into a public footway, or so near thereto that a person, lawfully using the way, with ordinary caution, might, by accident, fallen into it, is, *per se*, a nuisance ; and only ceases to be such, when proper means are adopted, either by enclosing it, or maintaining a light to warn persons of danger, to guard against the occurrence of such accidents. *Barnes* v. *Ward*, 9 *M., G. & S.* 392 ; *Housell* v. *Smythe*, 7 *C. B. N. S.* 731 ; *Hardcastle* v. *The S. G. & R. D. Co.*, 4 *H. & N.* 67 ; *Binks* v. *The same*, 3 *B. & S.* 244 ; *Hadley* v. *Taylor, L. R.* 1 *C. P.* 53 ; *Durant* v. *Palmer*, 5 *Dutcher* 544. The competent evidence to prove or disprove the matter in issue, when an action is brought to recover compensation for injuries sustained by falling into an excavation of this kind, is as to the character of the footway, the situation of the area with reference to it, and the means that have been taken to protect such as lawfully might use it, from the danger of being accidentally precipitated into it. These are all matters of fact, susceptible of direct proof. It would not be competent for the party suing, to prove, as tending to show that it was a nuisance, that at other times other persons fell into the excavation. *Collins* v. *Inhabitants of Dorchester*, 6 *Cush.* 396 ; *Hubbard* v. *Androscoggin & Kennebec R. R. Co.*, 39 *Maine* 506. Nor is it competent for the defendant to introduce evidence that other persons, at other times, when the area was in the same condition, passed the place complained of without receiving any injury. *Aldrich* v. *Inhabitants of Pelham*, 1 *Gray* 510 ; *Kidder* v. *Inhabitants of Dunstable*, 11 *Gray* 342. The reason for excluding all evidence of this character is, that it would lead to the trial of a multitude of distinct issues, involving a profitless waste of the time of the court, and tending to distract the attention of the jury from the real point in issue, without possessing the slightest force as proof of the matters of fact involved.

The evidence excluded furnishes a forcible illustration of the necessity of the rule, to the trial of causes before juries.

The offer was to show that ten thousand persons passed these premises in each year since the hall was erected, without accident. The admission of this evidence would carry with it the right to cross examine as to the circumstances under which each individual of the multitude passed, and the degree of caution and circumspection used by each; and, also, the right to introduce evidence of the dangers encountered, and by the exercise of superior vigilance, avoided, by each one of these individuals, together with evidence that some one or more of them had met with accidents at the place; in turn opening the way for evidence as to the degree of care exercised by such as had not been so fortunate as to escape; and when the parties, wearied in their endeavors to exhaust this vast field of investigation, rested the cause, the judge would have been compelled to direct the jury to determine whether or not the area was a nuisance, from the character of the footway, the situation of the area, with reference to it, and the means taken to guard against accident from its proximity to the sidewalk.

The plaintiffs in error, to maintain the competency of this evidence, rely, chiefly, upon two cases decided in the Supreme Court of Connecticut, *House* v. *Metcalf*, 27 *Conn.* 631, and *Calkins* v. *Hartford*, 33 *Conn.* 57. The opinion of the same court, in the intermediate case of *Bailey* v. *The Town of Trumbull*, 31 *Conn.* 582, and the remarks of Dutton, J., in *Calkins* v. *City of Hartford*, show that neither of the cases cited was understood as sanctioning the loose doctrine contended for. The court, in the last case, specially restricts the evidence to cases where the obstacle was such that the attention of all who passed that way would necessarily have been drawn to it; and their experience of its effects in obstructing travel, was substantially the same as the plaintiff's when the injury was received. In both cases, the object of the evidence was, to show that the very thing complained of, under the precise circumstances in which the injury sued for was received, was, or was not, dangerous in itself, and therefore a nuisance, or otherwise. If the offer

had been to show that others stepped into the area, as the plaintiff did, when it was in the same condition as on the night of this occurrence, and passed over the cavity safely, without being precipitated to the bottom, the proposition would have presented that coincidence of circumstances, which, by the Connecticut cases, is the condition on which the reception of such evidence is permitted.

There is no error in the ruling of the court below, in excluding this evidence, and the judgment must be affirmed.

The CHIEF JUSTICE, and Justices BEDLE and DALRIMPLE, concurred.

Judgment affirmed.