# Lucy A. Davis

### *vs.*

## Waterville, Fairfield and Oakland Railway.

### Kennebec. Opinion December 13, 1917.

*Negligence. General rule as to railroad company being responsible for the existence of ice or snow upon the steps of its car.*

This case came to the Law Court on a motion to set aside the jury's verdict for injuries received by the plaintiff in slipping on an icy step on one of the defendant's cars. The defendant's conductor testified that before starting the trip, some twenty minutes before the accident, he carefully removed all snow and ice from the steps with an iron scraper and broom, and the plaintiff urges that the amount of ice or frozen snow on the step, the small number of passengers entering the car during the trip, and the fact that the storm had practically ceased, conclusively prove that the conductor's testimony is untrue.

*Held:*

1. Assuming that the car steps are in proper condition at the beginning of a specific journey, the carrier should not be held responsible under ordinary circumstances for snow and ice upon the steps accumulated through natural causes during the journey, until it has had reasonably sufficient time and opportunity, consistently with its duty to transport passengers, to remove such accumulation. To require the immediate and continuous removal of all snow from the steps during the journey would usually be impracticable.

2. There was sufficient evidence in this case to warrant the jury in finding that the defendant violated its duty to the plaintiff under the foregoing rule.

3. The expenses of plaintiff's illness because of the injury were about $1,000. Two ribs were fractured and a stiffness was caused by a fixation of the sacro iliac joint. For the suffering, permanent impairment of health, and expenses shown by the evidence the verdict of $3,975.50 is not excessive.

Action on the case to recover damages on account of injuries received by plaintiff through alleged negligence of defendant. Plea of general issue filed. Verdict for plaintiff in the sum of $3975.50. Motion for new trial filed by defendant. Motion overruled.

Case stated in opinion.

*Benedict F. Maher, and James L. Boyle,* for plaintiff.

*Johnson & Perkins,* for defendant.

SITTING: CORNISH, C. J., KING, BIRD, HANSON, MADIGAN, JJ.

MADIGAN, J.   As plaintiff was alighting from defendant's car she slipped on an icy step breaking two ribs and injuring her back.   The jury returned a verdict in her favor which the defendant on the usual motion asks the court to set aside.

The accident happened on March 22, about 9.35 in the evening in Waterville.   A damp snow storm commenced about five in the afternoon and had practically stopped when the plaintiff boarded the car. The conductor testified that before starting the trip at Fairfield at 9.15 he removed with iron scraper and broom all snow and ice from the car steps.   The defense contends that the slippery condition of the step at the time of the accident was due to the snow which fell or to what was brought on and tramped down by the passengers during the trip.   The plaintiff forcefully urges that the conductor's testimony is refuted by the condition of the step, the slight snowfall during the trip and the small number of passengers on the car.

We think the true rule as to the duty of the carrier under such conditions is this:   Assuming that the steps of the car are in proper condition when it begins a specific journey, the railroad company should not be held responsible, under ordinary circumstances, for the existence of snow or ice upon the steps accumulating through natural causes, during the journey, until it has had a reasonably sufficient time and opportunity, consistently with its duty to transport its passengers, to remove such accumulations.   To require the immediate and continuous removal of all snow from the steps during the journey would be impracticable.

"A railroad company is not responsible for the existence of snow or ice upon the steps of its cars until it has had sufficient time and opportunity consistent with its duty to transport its passengers to remove the accumulation."   *Riley* v. *R. I. Co.*, 29 R. I., 143.

"A passenger on a railroad train has no right to assume that the effects of a continuous storm of snow, sleet, rain or hail will be immediately and effectually removed from the exposed platforms of the car while making its passage between stations or termini of its route, and it would be an obligation beyond reasonable expectation of performance to require a railroad corporation to do so."   *Palmer* v. *Penn. Co.*, 111 N. Y., 488.

*Foster* v. *Old Colony St. Rwy.*, 182 Mass., 378, recognizes these general principles, but held the defendant had made no effort to remove the snow during a wait of fifteen minutes at the terminus, also had failed to cover the snow or ice with sand when it had ample opportunity so to do.

Gilman v. *B. & M. R. R. Co.*, 168 Mass., 454, held that the jury was warranted in finding snow and ice were on the step of the car when it left the station.

"A carrier of passengers for hire is legally responsible for injuries happening to a passenger from such an accumulation of ice upon its car steps as to cause a passenger, using ordinary care, to slip and fall, if sufficient previous opportunity has been had to remove the source of danger. The duty of the carrier in such regard is not performed simply by appointing servants whose duty it is to keep the car steps in a safe condition, nor is it any excuse that the servants neglected their duty, and where a substantial conflict as to the actual perform-ance of such duties by the servants appears from the evidence, such conflict must be determined by the jury." *Murphy* v. *North Jersey St. Rwy. Co.*, 81 N. J. L., 706—80 At., 331.

The plaintiff testifies that the step was rounded up with ice. The policeman, apparently disinterested, who helped her from the ground, says the step was ridged up at least an inch and a half across the center with hard packed snow with an icy surface. The conductor admits the step was slippery and says he cautioned the plaintiff about its condition and had her by the arm to help her off of the car, thereby negativing, in a great measure at least, testimony of other passengers that they did not notice the step was slippery. The storm had practically subsided and only six or seven passengers had taken the car. While the question is close, we do not feel that the jury were not justified from the testimony of the plaintiff and the policeman as to the conditions of the step, and from the attending circumstances, in discrediting the testimony of the conductor that he cleaned the step properly only twenty minutes before the accident.

Was the plaintiff in the exercise of due care? She had on new rubbers, was sixty-two years of age, and was cautioned by the con-ductor before stepping from the platform. No other mode of egress but by the step was open to her, and the mere fact that her feet slipped on ice is not sufficient to show carelessness. Many falls on icy streets and walks occur when people are using the utmost care.

While the accident might have been averted had she taken hold of the hand rail, we do not feel that she was not justified in relying on the strong supporting and guiding arm of the conductor as sufficient protection.

On the whole the damages do not seem excessive.    The expenses of the sickness were in the neighborhood of $1,000.    Two ribs were fractured and a stiffness caused by a fixation of the sacro iliac joint. For the suffering and expenses and permanent impairment of health we do not feel like disturbing the verdict of $3975.50

*Motion overruled.*