MARGARET HUNTER AND JAMES E. HUNTER, RESPOND-ENTS, v. PUBLIC SERVICE RAILWAY COMPANY, AP-PELLANT.

Submitted May 11th, 1928—Decided January 16, 1929.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the appellant, *Henry H. Fryling.*

For the respondents, *William E. Sewell.*

The opinion of the court was delivered by

KATZENBACH, J.  This is an appeal from a judgment of the Hudson County Court of Common Pleas.  The action was instituted against the defendant-appellant to recover damages for injuries received by Margaret Hunter as the result of a fall from the step of a trolley car of the defendant.  The plaintiff was a married woman.  Her husband was joined as plaintiff.  He sought consequential damages.  The negligence of the defendant complained of was the allowance of ice to accumulate upon the step used by Mrs. Hunter in alighting from the car.  The accident took place in the city of Jersey City.  Mrs. Hunter boarded the car at Newark avenue and Brunswick street.  Her destination was the corner of Claremont and Westside avenues, in said city.  The car came to a stop at the point of destination.  Two friends, Mr. and Mrs. Marshall, who accompanied Mrs. Hunter, first alighted.  Mrs. Hunter, who was heavy, weighing some two hundred and eighteen pounds, then attempted to alight and slipped, as she testified, on ice on the step of the car, and fell to the pavement of the street.  Mrs. Marshall testified that Mrs. Hunter fell face forward on her stomach and, although she did not see the fall, stated Mrs. Hunter slipped on ice on the step.  Mr. Marshall did not notice anything on the step when he alighted,

but after Mrs. Hunter's fall said he saw a piece of ice one-half inch thick and six inches wide in the center of the step which looked the same as dirt.

The date of the accident was February 18th, 1927. The hour about eleven-thirty P. M. On that day it began to rain at four A. M. and continued until twelve-thirty P. M. No snow or sleet fell. Between three P. M. and the hour of the accident the temperature was never lower than forty-one degrees. The carhouse foreman testified that the car did not leave the carhouse until four P. M. He had inspected the car. It had been cleaned and swept. There was no snow, sleet or ice on any of the steps when it left the carhouse at four P. M. It was put in service at four-eight P. M. The operator testified that he was in charge of the car continuously until the accident. He assisted Mrs. Hunter to her feet after her fall. There was no snow, sleet, or ice on the step. No rain, snow, or sleet fell while he was in charge of the car. This testimony was corroborated.

A motion to nonsuit was made at the close of the plaintiffs' case on the ground, among others, that no negligence of the defendant had been shown. A motion to direct a verdict on the same ground was made at the conclusion of the testimony. Both motions were denied. Exceptions were duly taken to these rulings. The case was submitted to the jury which returned verdicts for Mrs. Hunter and her husband. The judgments entered on these verdicts have been appealed to this court. The propriety of the rulings above stated made by the trial court is questioned by the appellant.

In the consideration of the question as to the correctness of the rulings mentioned we are aware that—

"Motions for nonsuit and for the direction of a verdict for the defendant, for the purpose of the motions, in effect admit the truth of the evidence, and of every inference of fact that can be legitimately drawn therefrom, which is favorable to the plaintiff, but deny its sufficiency in law; and where such evidence or inferences of fact will support a verdict for the plaintiff, such motions must be denied." *Barry* v. *Borden Farm Co.,* 100 *N. J. L.* 106.

Mrs. Hunter and Mr. and Mrs. Marshall testified that they

saw ice upon the step. Mrs. Hunter said her fall was caused by slipping on the ice. It must therefore be conceded for the purpose of considering these motions that there was ice on the car step and Mrs. Hunter fell by reason thereof. The plaintiffs, however, were required to prove more than these facts to entitle their case to go to the jury. They were obliged to prove not only that there was ice upon the platform which caused Mrs. Hunter's fall, but they were obliged to prove that the defendant had negligently permitted the ice to remain there after the expiration of a reasonable time to charge it with notice of the danger incident to the use of the step in that condition. *Costello* v. *Director General*, 95 *N. J. L.* 538. While a transportation company is bound to inspect its cars, it is not required to keep up a continuous inspection. *Proud* v. *Philadelphia and Reading Railway Co.*, 64 *Id.* 702. The momentary presence of tobacco juice on a platform does not render the carrier liable. *Holenbrink* v. *Boston Elevated Railroad Co.*, 211 *Mass.* 77. A passenger who slips on a banana peel (unless trainmen knew of its presence or it had been there so long as to impute notice) cannot hold the carrier responsible for his injuries. *Louisville, &c. Railroad Co.* v. *O'Brien*, 163 *Ky.* 538. A street car company is not liable for injuries to a passenger who slips on snow and ice accumulated during a storm upon a step after the car has started upon a trip. *Riley* v. *Rhode Island Co.*, 69 *Atl. Rep.* 338; 15 *Lawyers' Rep. Anno.* (*new series*) 523; *Palmer* v. *Pennsylvania Co.*, 111 *N. Y.* 488; 2 *L. R. A.* 252.

There was no evidence as to how long the ice was on the step prior to the accident. The respondents contend that it can be inferred from the testimony that it had rained in the morning and that in the early evening it had turned cold, that the step had not been inspected and was dangerous prior to the car being placed in service at four-eight P. M. Such an inference cannot be drawn. Accumulations of snow and ice on car steps and platforms which cannot be prevented in the prosecution of the carrier's business will not be imputed to it as negligence. 10 *C. J.* 962.

In the present case there was no evidence offered by the plaintiffs other than that of ice on the step at the time of

the accident. The car had been in service continuously from four-eight P. M. There was no evidence that there had been an opportunity for inspection, or that the ice had been on the step such a length of time as to charge the defendant below with notice of the danger of the use of the car in that condition. As has been stated, continuous inspection is not required. It would be unreasonable to hold a carrier liable for any condition of unsafety which might arise. The carrier owes a duty to transport passengers. This duty could not be performed if it was required, in order to escape liability, to have the steps of its cars free at all times from accumulations of ice and snow. To hold a carrier liable it must be shown that there has been a sufficient previous opportunity to remedy the danger. The plaintiffs' proof was lacking in that there is nothing in the evidence to show how long the ice was on the platform, if it was there, and that the defendant below had had a sufficient previous opportunity to remove it.

This subject was discussed in the case of *Baker* v. *North Jersey Street Railway Co.,* 77 *N. J. L.* 336. The respondent contends that this case was overruled by the case of *Murphy* v. *North Jersey Street Railway Co.,* 81 *Id.* 706. This contention is incorrect. It was distinguished. The Murphy case sustains the view we entertain, namely, that carriers are legally responsible for injuries to passengers from dangers produced by the elements when they have assumed a dangerous form and when sufficient previous opportunity has been had to remove their effects or to remedy the danger. There must be, however, evidence upon the points heretofore indicated before a case can be submitted to a jury. The doctrine of *res ipsa loquitur* does not apply. In the absence of this evidence we are of the opinion that the trial judge erred in overruling the motions to nonsuit and for the direction of a verdict for the defendant.

The judgments are reversed and the record remitted for a new trial.