ANNA GRIFFIN AND JOHN GRIFFIN, PLAINTIFFS-RE-SPONDENTS, v. HOHORST, INCORPORATED, AND FRANK O'ROURKE, DEFENDANTS-APPELLANTS.

Submitted May term, 1936—Decided June 23, 1936.

Before BROGAN, CHIEF JUSTICE, and Justices CASE and PERSKIE.

For the plaintiffs-respondents, *Meyer Friedman* and *Meyer Pesin*.

For the defendants-appellants, *Armstrong & Mullen* (*Thomas J. Armstrong*).

Per Curiam.

The complaint grounds in personal injuries received by Mrs. Griffin from a fall suffered by her as she was alighting from the defendants' bus, the fall being due, as alleged, to the negligence of the defendants in permitting an accumulation of ice to form on the bus step. Judgment went for the plaintiffs, and the defendants appeal.

Mrs. Griffin testified that at no time did she see any ice on the step but that, as she was attempting to arise from the ground after her fall, she took hold of the step to help herself up and, as she did so, felt ice on the step. Mrs. Griffin's granddaughter, a child five years of age at the time of the accident and seven years of age when she was placed upon the witness stand, who had been in the company of Mrs. Griffin at the time of the accident, was asked, "did you see the ice there?" and answered, "no—yes." She was then asked, "can you tell us about how much ice was there?" to which she answered, "no." A pedestrian, who had been standing at the scene of the accident and had helped Mrs. Griffin to her feet, testified that he "saw a patch of ice and snow between three to four inches in diameter and a quarter of an inch thick" on the bus step. The sum of the testimony as to any icy step is therefore to be found in the last quoted sentence, and from it we accept, for the purposes of the case, that there was a bit of ice of the dimensions mentioned on the step at the time of Mrs. Griffin's fall and that the fall was caused thereby. Presence of ice at the time of the accident is not, however, sufficient, under the circumstances of the case, to prove negligence. The doctrine of *res ipsa loquitur* does not apply.

The right of action depends upon negligence by the defendants, and the burden of proving that negligence is upon the plaintiffs. A bus company, like any other transportation company, is bound to inspect its vehicles but is not required to keep up a continuous inspection. Accumulations of snow and ice on car steps and platforms, which cannot be prevented in the prosecution of the carrier's business, will not be imputed to it as negligence. It was said in *Hunter* v. *Public Service Railway Co.,* 105 *N. J. L.* 300 (at *p.* 304); 144 *Atl. Rep.* 305:

"As has been stated, continuous inspection is not required. It would be unreasonable to hold a carrier liable for any condition of unsafety which might arise. The carrier owes a duty to transport passengers. This duty could not be performed if it was required, in order to escape liability, to have the steps of its cars free at all times from accumulations of ice and snow. To hold a carrier liable it must be shown that there has been a sufficient previous opportunity to remedy the danger. The plaintiffs' proof was lacking in that there is nothing in the evidence to show how long the ice was on the platform, if it was there, and that the defendant below had had a sufficient previous opportunity to remove it."

See, also, *Baker* v. *North Jersey Street Railway Co.*, 77 *N. J. L.* 336; 72 *Atl. Rep.* 734, and *Murphy* v. *North Jersey Street Railway Co.*, 81 *N. J. L.* 706; 80 *Atl. Rep.* 331.

There is positive testimony that there was no ice or snow upon the step when the bus began its trip a few minutes earlier. That testimony is uncontradicted unless there be a justified inference to the contrary in the quoted testimony. We think that that inference may not be fairly drawn. The street was full of snow and ice; snow had been banked towards the curb; Mrs. Griffin was wearing rubber overshoes and her granddaughter was wearing boots; the weather was cold; several other passengers had boarded the bus and some had alighted. There was, therefore, ample opportunity for pieces of ice and snow to have been tracked upon the step by the passengers since the trip had started.

Plaintiffs' proof failed to show negligence. The refusal of the court to nonsuit and, later, to direct a verdict in favor of the defendants was, therefore, in our opinion, error.

Appellants also contend that there was legal error in the refusal to charge four certain requests. It seems to us that three of these requests were actually charged; but, whether they were or were not charged, exceptions to the refusal, if there was a refusal, were not taken and the alleged error is not properly before us. The fourth request was not framed in sufficiently comprehensive language for presentation, and we find no error in the ruling.

The judgment below will be reversed to the end that a *venire de novo* issue.