Julia BECK and Leo Beck, Appellants,

v.

SHANNON AND LUCHS CO., Appellee.

No. 2804.

Municipal Court of Appeals for the District of Columbia.

Argued Sept. 18, 1961.

Decided Oct. 20, 1961.

---

Philip J. Lesser, Washington, D. C., with whom I. Irwin Bolotin and Joseph H. Bottum, Washington, D. C., were on the brief, for appellants.

Austin F. Canfield, Jr., Washington, D. C., with whom Richard W. Galiher and William E. Stewart, Jr., Washington, D. C., were on the brief, for appellee.

Before HOOD and QUINN, Associate Judges, and SMITH, Chief Judge of The Municipal Court for the District of Columbia, sitting by designation.

HOOD, Associate Judge.

Mr. and Mrs. Beck, tenants of an apartment, sued their landlord for damages resulting from injuries to Mrs. Beck caused by a fall on the steps leading to the apartment house. At the close of plaintiffs' case the trial court directed a verdict for the defendant. On this appeal plaintiffs argue that their evidence warranted submission of the case to the jury.

The evidence showed that on January 21 Mrs. Beck left her apartment shortly after midday to take her small dog for a walk. Two days before there had been a snowfall and the landlord's agents had spread cinders and clinkers on the steps and walk leading from the entrance of the apartment house. The snow had melted and when Mrs. Beck came out through the entrance she saw that the steps and walk were wet but were still covered with the cinders and clinkers. She testified that holding the handrail, "I stepped three steps down. I go very carefully and very slowly. * * * I go three steps and after that I took my foot and stepped on a big cinder and fell down two steps, right on my face."

 There was other evidence but it need not be set forth here. The evidence above stated made it improper to direct a verdict. The landlord was "bound to exercise ordinary care so that persons *lawfully* using [the common approaches] may be safeguarded against conditions, whether permanent or temporary, which make them dangerous to the tenants or their guests." Lord v. Lencshire House, Ltd., 106 U.S. App.D.C. 328, 331, 272 F.2d 557, 560. See also Pessagno v. Euclid Inv. Co., 72 App. D.C. 141, 112 F.2d 577. The evidence here presented question to be determined by the jury, under proper instructions from the court, whether, in view of the improved weather and melted snow, the landlord was negligent in not removing the cinders from the steps before Mrs. Beck used them two days after the snowfall.

Reversed with instructions to grant a new trial.