Clady BRAY, Appellant,

v.

D. C. TRANSIT SYSTEM, INC., a corporation, Appellee.

No. 2880.

Municipal Court of Appeals for the District of Columbia.

Argued March 5, 1962.

Decided March 28, 1962.

1. Code 1951, § 11–772(e) (9).

388

Albert A. Stern, Washington, D. C., for appellant.

Anthony E. Grimaldi, Washington, D. C., for appellee.

Before HOOD, Chief Judge, QUINN, Associate Judge, and MYERS, Associate Judge of the Municipal Court for the District of Columbia, sitting by designation.

MYERS, Associate Judge.

Appellant sought to recover damages for injuries sustained by her when she slipped as she alighted from a bus operated by appellee. She alleged the bus driver was negligent, in view of the inclement weather, in failing to keep the steps in a safe condition. At the conclusion of her testimony the trial judge directed a verdict for appellee principally because she had not established a *prima facie* case of negligence against appellee. This appeal ensued.

At the trial appellant was the only witness to the circumstances surrounding her accident. She testified that at the time she boarded the bus it had been snowing hard for several hours. On the 20-minute trip to her destination, during which time it continued to snow, she sat on the long seat next to the front door and observed that as passengers would enter and leave the bus the driver would caution them to be careful. She admitted she was aware the steps were slippery. As she was leaving the bus, she slipped off the bottom step.

It is the duty of a common carrier to exercise the highest degree of care in transporting passengers.[1] This obligation extends to providing a safe and convenient means of entering and leaving the conveyance.[2] But a carrier does not insure the safety of its passengers and before it can be held liable for injury to a passenger there

1. Jackson v. Capital Transit Co., D.C.Mun. App., 38 A.2d 108, aff'd 80 U.S.App.D.C. 162, 149 F.2d 839, 161 A.L.R. 1110, cert. den. 326 U.S. 762, 66 S.Ct. 143, 90 L. Ed. 459.

2. Schaller v. Capital Transit Co., 99 U.S. App.D.C. 253, 239 F.2d 73; D. C. Transit System, Inc. v. Smith, D.C.Mun.App., 173 A.2d 216, 217.

must be proof of negligence or facts from which negligence may be inferred. No presumption of negligence arises from the mere fact that a passenger falls or slips because of some substance on the floor or steps of the vehicle. Only when it is shown that the carrier had actual or constructive notice of a hazardous condition in time to correct it and failed to do so can it be held liable.[3]

■ Appellant contends that it was error for the court to direct a verdict in favor of appellee; that it was the province of the jury to determine whether the carrier was negligent in view of the fact that its driver, knowing of the slippery condition of the steps, did nothing to remedy it during the trip; and that without a showing by the bus company that it had exercised the duty of care imposed upon it, an inference of negligence was justified. With these contentions we do not agree.

The trial judge was correct in reaching the legal conclusion that there was insufficient evidence from which the jury could find, or reasonably infer, negligence of the carrier's driver under all the circumstances. Appellant's testimony clearly showed that because of certain existing emergency weather and transportation conditions the driver was afforded no reasonable opportunity to remedy a continuing potential danger. What could he have reasonably done to assure the safety of appellant? Should he have left his seat in order to clean the steps at frequent intervals and spread sand? Should he have left the bus unattended while he assisted passengers, especially the appellant, in entering and alighting from the bus? We think not. In warning each passenger to use caution in entering and leaving the bus, he did all he could consistent with its safe operation under the driving conditions at that time. To expect him to have done more would impose too high a measure of care.[4]

■ A bus company, like any other common carrier, is bound to inspect its vehicles to be certain they are in proper operating order and free from any condition which may be dangerous to passengers. This does not mean that the carrier shall maintain a *continuous* inspection. If during a snowstorm an accumulation of snow develops on the steps of a bus which cannot be prevented in the course and period of its operation for service to the public, negligence will not be imputed.[5] The removal of snow and ice must be consistent with the practical operation of the bus. To require the immediate and continuous removal of all snow and ice from the steps of a bus during its journey would be impracticable and unreasonable.[6]

Appellant relies on the case of Beck v. Shannon & Luchs Co., D.C.Mun.App., 174 A.2d 199. The facts can easily be distinguished. There the matter was sent to the jury to determine whether the landlord was negligent when, *after the lapse of two days* and with the weather improved and the snow melted, he had not removed cinders from the steps.

Here there was no reasonable opportunity or time for appellee to take action to remedy the condition of the steps, and negligence could not, therefore, be imputed to the carrier. The directed verdict for appellee was correct.

Affirmed.

3. D. C. Transit System, Inc. v. Smith, supra.

4. Byrne v. Connecticut Co., 123 Conn. 304, 195 A. 184; Baker v. Rose City Transit Co., Or., 361 P.2d 257, 261.

5. Griffin v. Hohorst, Inc., 14 N.J.Misc. 421, 185 A. 535; Hunter et al. v. Public Service Ry. Co., 105 N.J.Law 300, 144 A. 305.

6. Davis v. Waterville F. & O. St. Ry. Co., 117 Me. 32, 102 A. 374, 17 N.C.C.A. 452; Riley v. Rhode Island Co., 29 R.I. 143, 69 A. 338, 15 L.R.A.,N.S., 523; Caywood v. Seattle Electric Co., 59 Wash. 566, 110 P. 420.