82 N.J. Super. 123 (1964)
196 A.2d 803
ESTHER KARMAZIN, PLAINTIFF-RESPONDENT,
v.
THE PENNSYLVANIA RAILROAD CO., A CORPORATION, DEFENDANT-APPELLANT.[1]
Superior Court of New Jersey, Appellate Division.
Argued January 6, 1964.
Decided January 21, 1964.
*126 Before Judges CONFORD, FREUND and SULLIVAN.
Mr. Philip L. Strong argued the cause for appellant (Messrs. Strong & Strong, attorneys; Mr. Peter B. Bass, of counsel).
Mr. Harold A. Sherman argued the cause for respondent (Messrs. Mandel, Wysoker, Sherman & Glassner, attorneys).
The opinion of the court was delivered by CONFORD, S.J.A.D.
Defendant appeals from a judgment entered in the Superior Court, Law Division, on a jury verdict of $4,500 in favor of plaintiff for injuries she sustained when she slipped and fell on the assertedly icy platform at defendant's Rahway station after alighting from a train on which she had traveled thereto from Newark as a passenger of the railroad.
There was evidence that a freezing rain and hail storm had begun about noon on December 29, 1960, the day of the accident, *127 and continued intermittently during the afternoon, including the time of the accident at Rahway. Plaintiff testified that her train reached Rahway shortly after 5 P.M. and that it was dark. In leaving the train she stepped onto the platform with her left foot, "slipped on the ice" and fell, sliding after she fell on "that platform of ice that was there." On redirect examination she testified the ice where she fell was an inch thick. There was no conductor or trainman to assist her at the train exit.
A passenger conductor on the train in question testified for defendant that there were four cars on the train; arrival at Rahway was during the "rush hour"; about 100 passengers detrained at Rahway; and that there were three trainmen for the four cars. The witness was at a train exit about 35 feet from the one at which plaintiff emerged. The weather on the day in question was a mixture of hail and sleet which "froze over" when it hit the ground and the station platform. The surface became wet if walked on but would "freeze right over again" as the rain came down.
One of the main contentions of the defendant on this appeal is the excessiveness of the verdict. It is claimed, moreover, that the verdict is so far out of line with the proofs as to the extent of plaintiff's injuries as to fortify defendant's argument that another alleged error  admission of testimony that another passenger fell on the Rahway platform at the same time as plaintiff  exerted a strongly prejudicial effect against defendant with the jury. Since we have decided, for reasons to be stated, to reverse on the latter ground, we shall not discuss the evidence relating to plaintiff's damages or whether the amount of the verdict is sustainable on the proofs, except to say that in our judgment the jury's allowance was extremely liberal, to say the least.
Over objections by defendant that the testimony was hearsay and prejudicial, plaintiff was allowed to testify as part of the "res gestae" that as she was being assisted to her feet after her fall she "heard someone say the other woman fell." Plaintiff's reference was purportedly to a woman who, she *128 had said, followed her out of the same train exit and whom she later saw in the station in a wheelchair. The admission was preceded by an extended colloquy out of the presence of the jury during which plaintiff made a proffer of proof to the effect that someone "hollered that someone fell," and defendant objected on the ground that such proof was not only hearsay but "not relevant to the issues of this case and prejudicial." Plaintiff did not offer the proof as competent on the issues at trial, but solely "to attack the credibility of the defendant" in that defendant had omitted the name of the "other woman" in responding to an interrogatory propounded by plaintiff requesting the names and addresses of all persons having knowledge of the facts relative to the cause of action.
Defendant strenuously objected at the trial to plaintiff's asserted justification for submission of the proof, and we think it was clearly right. Plaintiff obviously knew prior to trial that another woman had fallen and had been interviewed by the railroad. Her counsel therefore knew that the answer to the interrogatory was incomplete and could by motion prior to trial have compelled defendant to repair the omission and then determined by inquiry of the other woman whether to subpoena her as a witness to give any competent evidence within her knowledge relevant to plaintiff's claim. Plaintiff did not at oral argument contend, when counsel was questioned on the point, that such testimony could competently have included the fact of the other woman's fall. Its prejudicial effect would be obvious. It was therefore plainly improper for the trial court to have permitted such testimony to come in through the back door as a supposed sanction for defendant's failure to submit a complete answer to the interrogatory.
In this view of the situation it matters not whether the testimony, if properly evidential as to the issues before the court, would have been competent, as against the hearsay rule, under the "res gestae" exception (presumably as an excited utterance). In this regard it may be noted, parenthetically, that neither the declarant nor the subject of his asserted *129 remark was identified. Plaintiff actually never saw anyone fall, or in a fallen position on the platform. There was evidence on defendant's case that another woman did fall, not at the exit from which plaintiff left the train, but at another, 35 feet distant therefrom. The circumstances surrounding that fall were, of course, not before the jury.
As indicated, the patently prejudicial effect of the admission of proof of another person's fall on this platform upon the defendant's case is undeniable. It is for that reason, and because of the collateral issues (e.g., the other person's contributory negligence) that would require exploration if the evidence were admitted, that the rule is firmly established in this State that the incidence or absence of other accidents is not admissible in a negligence action to show the dangerousness (or safety) of the condition presently impugned. A prior accident may be shown only, and subject to cautionary instructions, where calculated to establish the existence of a condition long enough to bespeak notice thereof to the owner or occupant. Some of the leading cases are collected in Miller v. Muscarelle, 67 N.J. Super. 305, 318, 319 (App. Div. 1961), certification denied 36 N.J. 140 (1961). In the present case, of course, the simultaneousness of the other accident would negate its being probative of notice. The exclusionary rule is generally applicable to contemporaneous as well as prior accidents. See Jones v. Lahn, 1 N.J. 358, 361 (1949).
Plaintiff's brief asserts that "a long line of questions" concerning the other woman's fall was adduced before defendant objected. This is an unfortunate misstatement. Defendant objected and moved to strike the first time the information came forth, which was in the form of a volunteered statement by the witness beyond the scope of the inquiry to her. Plaintiff also urges that defendant itself evoked testimony relative to the fall of another woman. But this was only after plaintiff had succeeded in eliciting the information on her own case over strenuous objection by defendant. Under those circumstances defendant was bound by the ruling for purposes *130 of the remainder of the trial and entitled to try to minimize the prejudice by showing that the only other woman who fell did so at a different location from plaintiff's fall. In so doing it was not waiving, for purposes of appeal, the prejudicial effect of the introduction of the entire subject by plaintiff over its objection and with the sanction of the trial court.
The foregoing conclusion requires a reversal of the judgment. But since there is to be a retrial, we discuss defendant's attack upon the court's refusal to charge the jury in accordance with three requests to charge which it submitted.
The first such request read as follows:
"7. If you find that the condition of the station platform was caused by storm then in progress at the time of the accident, your verdict must be no cause for action in favor of the defendant railroad and against the plaintiff."
Defendant cites no New Jersey case supporting that proposition as a matter of law. The out-of-state cases it cites are distinguishable on their facts or unpersuasive on the question presented. We cannot agree with defendant's argument that a railroad is absolutely free from any obligation to make a station platform safe for its passengers from the hazards of icy precipitation thereon so long as the storm continues in progress, and that the duty of reasonable care commences only after the storm ceases and the company has had a reasonable time thereafter to remedy the dangerous condition. Under that theory a railroad company could totally ignore the attendant danger to its passengers for days if a snowstorm or icestorm lasted that long.
The assessment of a railroad's duty of safe carriage of its passengers for hire, in this context, must begin with the primary postulate that "as against dangers that may reasonably be anticipated, the carrier is bound to exercise a high degree of care in behalf of its passengers in respect to the condition of its car platform and steps." Murphy v. North Jersey St. Ry. Co., 81 N.J.L. 706 (E. & A. 1911). On principle, this rule clearly applies to a station platform, as here. So, of course, also does the coordinate rule that it must *131 be established by the plaintiff that the company has had "sufficient previous opportunity" to remove or remedy the danger, as where due to ice or snow. Ibid; Costello v. Director-General, 95 N.J.L. 538 (E. & A. 1921).
The New Jersey cases relied on by defendant go no further, on their facts, in support of its thesis than to hold or indicate that there is no question for the jury in respect of claims arising from snow or ice on platforms or steps of moving cars where the proof is undisputed that such appurtenances were clear when the car started its journey and the dangerous condition developed en route without any reasonable opportunity of the carrier to remedy the situation in the interim. See Hunter v. Public Service Ry. Co., 105 N.J.L. 300 (Sup. Ct. 1929); Griffin v. Hohorst, Inc., 185 A. 535, 14 N.J. Misc. 421 (Sup. Ct. 1936).
In the present case, by contrast, the allegedly dangerous appurtenance was a fixed station platform which a jury could reasonably find was readily subject to administration of at least some safety measures by defendant for relieving or ameliorating the adverse weather conditions on the platform. It was also for the jury to decide whether the conditions in question had existed long enough before the accident to bring home to defendant actual or reasonably imputable notice thereof in time to have permitted remedial action, as well also whether any such measures as could have been taken with reasonable practicability would probably have prevented this accident in the light of the fact that the storm was still in progress when the accident occurred.
The trial court was not requested by defendant to instruct the jury concerning the necessity of adequate notice to defendant as a predicate of liability, but it should do so on the retrial. On the facts of this particular case, the defendant was not entitled to an instruction to the jury that it was immune from liability on the mere circumstance alone that the storm was still in progress when the accident occurred. Compare Anderson v. Elgin, Joliet and Eastern Railway Co., 227 F.2d 91 (7 Cir. 1955).
*132 Finally, defendant complains of the denial of its requests to instruct the jury as follows:
"2. In determining whether or not plaintiff was herself guilty of contributory negligence, you may take into consideration that she knew of the storm in progress and of the slippery conditions and, nevertheless, left the train at Rahway without seeking assistance.
8. Plaintiff, by reason of impairment of her eyesight, was required to use a greater degree of care for her safety than one not so impaired and if she failed to do so, she was contributorily negligent and cannot recover."
The court gave the jury the standard charge concerning contributory negligence, and defendant does not complain of it. We think it was adequate. As to request No. 2, the proofs do not fairly show that plaintiff necessarily knew that the station platform at Rahway was slippery; nor do they indicate that there was anyone readily available to help plaintiff off the train if she requested such assistance. In any event, reference to such facts would have been subject to the discretion of the trial court. As to request No. 8, this is not a correct statement of the law, and refusal to charge it was therefore not error. The rule is that "those persons who know that their faculties are impaired must conduct themselves as the reasonable man would in the light of such disability." Berger v. Shapiro, 30 N.J. 89, 102 (1959).
Reversed and remanded for a new trial.
NOTES
[1] Opinion on rehearing see 82 N.J. Super. 435.