109 N.J. Super. 508 (1970)
264 A.2d 74
JUNE A. MUSCATO AND FRANK V. MUSCATO, HER HUSBAND, PLAINTIFFS-APPELLANTS,
v.
ST. MARY'S CATHOLIC CHURCH, TRENTON, A RELIGIOUS CORPORATION OF NEW JERSEY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued March 23, 1970.
Decided April 13, 1970.
*509 Before Judges SULLIVAN, CARTON and HALPERN.
Mr. Roland R. Formidoni argued the cause for appellants (Messrs. McLaughlin, Dawes & Abbotts, attorneys).
Mr. Richard J.S. Barlow, Jr., argued the cause for respondent (Messrs. Lenox, Giordano, Devlin & Barlow, attorneys).
The opinion of the court was delivered by SULLIVAN, P.J.A.D.
Plaintiffs appeal from a judgment in favor of defendant based on a jury verdict of no cause for action.
Plaintiff June Muscato had played bingo in the basement of defendant's premises and while leaving the building fell and was injured. She claimed that the door area was inadequately lighted and that the saddle or tread of the door was loose and defective. She testified that while walking through the doorway the heel of her shoe became caught under the tread and as she turned to free her foot the door swung back and knocked her to the ground. The charges of negligence were (a) inadequate lighting, (b) a defective tread, and (c) a defective door closer.
The sole issue raised on appeal is whether plaintiffs were prejudiced by a ruling made by the trial court which permitted defendant to show the lack of prior accidents at this *510 doorway. In admitting this evidence the trial court charged the jury that the lack of prior accidents
* * * may not be considered by you as an absence of negligence on the part of the defendant in this particular setting. It may be considered by you only with respect to whether defendant actually knew of a defective condition or should have known.
We conclude that, under the circumstances presented, the trial court's ruling was correct.
To date, New Jersey is firmly committed to the minority rule that the incidence or absence of other accidents is not admissible in a negligence action to show the dangerousness (or safety) of the particular condition. Karmazin v. Pennsylvania R.R. Co., 82 N.J. Super. 123, 129 (App. Div. 1964). See Annotation, 70 A.L.R.2d 167 (1960); Annotation, 31 A.L.R.2d 190 (1953); 29 Am. Jur.2d, §§ 305, 310, at 350, 355 (1967). Cf. DiDomenico v. Pennsylvania-Reading Seashore Lines, 36 N.J. 455, 464-465 (1962). However, subject to proper cautionary instructions, evidence of prior accidents may be shown when calculated to establish the existence of a condition long enough to bespeak notice thereof to the owner or occupant. Karmazin, supra. By the same token, evidence that there had been no previous accidents arising out of the alleged condition, should be admissible to negate knowledge to the defendant of an alleged defective condition. 29 Am Jur.2d, § 312, at 359 (1967); Erickson v. Walgreen Drug Co., 120 Utah 31, 232 P.2d 210 (1951).
In the instant case plaintiffs' contentions as to liability included inadequate lighting, a loose door saddle and a defective door closer. The trial judge charged the jury that defendant would be liable if it had subjected Mrs. Muscato, a business invitee, to an unreasonable risk of harm and if it either knew or, by the exercise of reasonable care, could have discovered that such a condition existed. Therefore, it was proper for defendant to negate any inference that it might have had, or should have had, knowledge of the alleged conditions. Evidence of the absence of other accidents at the *511 same place under similar conditions was relevant to the issue of actual or imputed knowledge and had probative value. Hardman v. Helene Curtis Industries, Inc., 48 Ill. App.2d 42, 198 N.E. 2d 681 (1964); McCormick, Evidence, § 167, at 354 (1954).
Affirmed.