751 A.2d 607

BRUCE ROGOVE AND ADRIENNE ROGOVE, HIS WIFE, PLAIN-
TIFFS–APPELLANTS, v. STAVOLA CONSTRUCTION COMPA-
NY, INC., DEFENDANT–RESPONDENT, AND STATE OF NEW
JERSEY, DEPARTMENT OF TRANSPORTATION, COUNTY OF
MIDDLESEX, TOWNSHIP OF MONROE, DEFENDANTS.

Superior Court of New Jersey
Appellate Division

Submitted May 9, 2000—Decided May 31, 2000.

Before Judges PRESSLER, CIANCIA and ARNOLD.

*Lanfrit, Liscinski & Rosenwasser,* attorneys for appellants (*Robert D. Rosenwasser,* on the brief).

*Daniel & Dochney,* attorneys for respondent (*Gerard F. Lipski* on the brief).

The opinion of the court was delivered by

CIANCIA, J.A.D.

Plaintiffs Bruce and Adrienne Rogove, husband and wife, appeal the dismissal of their complaint upon a jury verdict finding no cause for action. Plaintiff Bruce Rogove had fallen from his bicycle while participating in a road rally when he ran over a raised portion of pavement at the junction of a road and bridge. Defendant Stavola Construction Company, Inc., had paved the roadway leading to the bridge and the contention of plaintiffs was that defendant negligently failed to provide a smooth surface abutting the bridge. The case turned in large part on whether the raised "lip" of the pavement caused plaintiff's accident. Defendant attempted to show that even though plaintiff had been biking for over twenty-five miles before the accident occurred, somehow the wheel of plaintiff's bike came loose, separated from the frame and caused plaintiff's fall. The jury found that defendant had been negligent but also that that negligence was not the proximate cause of the accident.

During the cross-examination of plaintiff's expert, a civil engineer, he was asked if he had ever received the accident reports he had requested concerning prior accidents at the location of plaintiff's fall for the period 1985–1995. He responded that he had not received any such reports.

Prior to summation, plaintiff's counsel moved to prohibit defense counsel from commenting on the absence of prior accident records. The trial judge denied the motion finding that defense counsel was permitted to make fair comment on the evidence.

During summation defense counsel made the following remarks that form the sole basis for the present appeal:

> Did you hear any evidence of anybody having an accident when their bike stopped short at that lip? Aside from Mr. Rogove? No. And you will recall that Mr. Hintersteiner specifically requested in his first report, "Please provide me with accident reports from 1985 through 1995." Was he provided with any? No, he was not. Did you hear any evidence whatsoever that there was any other accident in this area? No.

These statements were made in the context of an argument concerning proximate causation.

In a brief that is a model of brevity, plaintiffs argue that the absence of prior accidents is inadmissible to establish the safety of a condition. "The issue of proximate cause was highly contested. Defense counsel's comments under the circumstances were highly prejudicial. Under the circumstance the jury's verdict on the issue of proximate cause should be reversed."

We agree with plaintiffs' arguments, but not entirely with the relief they apparently seek. It has long been the law in this State that the incidents or absence of other accidents is not admissible in a negligence action to show the dangerousness or the safety of the condition being impugned. Such information may be adduced for the limited purpose of establishing that a condition existed long enough to give notice to an owner or tenant, but then only with the appropriate limiting instruction.[1] *Ertle v. Starkey,* 292 *N.J.Super.* 1, 9, 678 *A.*2d 261 (App.Div.1996); *Muscato v. St. Mary's Catholic Church,* 109 *N.J.Super.* 508, 510, 264 *A.*2d 74 (App.Div.1970); *Karmazin v. Pennsylvania R.R. Co.,* 82 *N.J.Super.* 123, 129, 196 *A.*2d 803 (App.Div.1964); *Temperance Hall Assoc. of Trenton v. Giles,* 33 *N.J.L.* 260, 264–265 (Sup.Ct.1869).

These principles were recently modified by our Supreme Court in *Wymbs v. Township of Wayne,* 163 *N.J.* 523, 750 *A.*2d 751 (2000). The Court there held that evidence of prior accidents may, under certain circumstances, be admissible to show the existence of a dangerous condition. The "threshold standard" to be met by the proponent of the evidence is "(1) the same or substantial similarity of circumstances between the prior accident and the one involved in the case on trial, and (2) the absence of other causes of the accident." *Id.* at 536, 750 *A.*2d 751. The Court added that "[t]he requirement of substantial similarity is more stringent when the prior-accident evidence is offered to prove the existence of a dangerous condition than when offered to prove notice...." *Ibid.*

---

[1] In this case the condition was created by defendant so notice was not an issue.

■ We believe the *Wymbs* decision does not validate defense counsel's comments in the present case. Initially we note the qualitative difference between showing a dangerous condition from prior accidents and showing the absence of a dangerous condition from the lack of prior accidents. Obviously, proving a negative from an absence of occurrences is more complex than the factual scenario the Court was speaking to in *Wymbs*. Even were we to assume the applicability of the *Wymbs* rationale to the proposition that a dangerous condition did *not* exist, we would nevertheless find on the present record that defendant has failed to meet the "threshold standard" necessary to permit admission of such evidence and support the subsequent comment thereon in summation. No evidence was presented that there had been no prior accidents at the location of plaintiff's accident, but only that plaintiff's expert had asked for accident reports spanning a ten-year period and had not received them. The absence of a response to that request did not mean such reports were nonexistent and certainly did not show a lack of accidents over a ten-year period. This is a far cry from the demonstration of "substantial similarity" required by *Wymbs.*

■ We also agree with plaintiffs that this case turned on the question of proximate cause. That being so, the dangerousness of the condition, *vel non*, was likely of great interest to the jury. Defense counsel's comments should not have been made in the context of proximate cause and they cannot be regarded as harmless error. That defense counsel was commenting on information she had elicited from plaintiffs' expert does not justify the remarks in summation. Absent a proper evidential purpose the testimony should not have been elicited in the first instance.

■ We part ways with plaintiffs to the extent that the wording of their argument implies that the remedy for this error is to preserve the jury's finding on negligence and add to it a finding of proximate cause. We cannot say what a jury would have found absent the inappropriate comments. Nor can a partial verdict be preserved in these circumstances. Although the jury found defen-

dant negligent, its finding of no proximate cause precluded a consideration of whether Bruce Rogove may also have been negligent and, if so, whether his negligence was a proximate cause of the accident. The appropriate remedy is a whole new trial.

The order dismissing plaintiffs' complaint is reversed and the matter is remanded for further proceedings.